**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Dhimant Patel*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN, LARRY L. WOOD, and SCOTT B. ULLEM,<br><br>Defendants. | No.: 8:24-cv-02221-AH-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DHIMANT PATEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Hon. Anne Hwang<br>Date: January 8, 2025<br>Time: 1:30 p.m.<br>Courtroom: #7D |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................1

II.   STATEMENT OF FACTS.....................................................................................2

III.  ARGUMENT ...........................................................................................................4

  A.   PLAINTIFF'S APPOINTMENT AS LEAD PLAINTIFF IS
       APPROPRIATE................................................................................................4

    1. The Procedure Required by the PSLRA .................................................4

      a. Plaintiff Is Willing to Serve As Class Representative ........................5

      b. Plaintiff Has the Requisite Financial Interest in the Relief Sought
         by the Class ..........................................................................................5

  B.   Plaintiff Satisfies the Requirements of Rule 23(a) of the Federal Rules
       of Civil Procedure ...........................................................................................6

      c. Plaintiff's Claims are Typical of the Claims of all the Class
         Members ...............................................................................................7

      d. Plaintiff Will Adequately Represent the Class ...................................8

  C.   APPROVING PLAINTIFF'S CHOICE OF COUNSEL IS
       APPROPRIATE................................................................................................9

IV.   CONCLUSION ......................................................................................................10

## TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002)..............................................................................1, 5, 7

*Crawford v. Honig*,

37 F.3d 485 (9th Cir. 1994)...............................................................................8

*In re Drexel  Burnham Lambert Group*,

960 F.2d 285 (2d Cir. 1992).............................................................................8

*In re E-Trade Financial Corp*. Securuties Litigation,

No. 07-cv-8538 (S.D.N.Y.)...............................................................................10

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004) .....................................................................7

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) ...........................................................................................8

*Gurevitch v. KeyCorp, et al.*,

No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ...............................................10

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998)..........................................................................7

*Haung v. Acterna Corp.*,

220 F.R.D. 255 (D. Md. 2004)..........................................................................7

*Jaramillo v. Dish Network Corporation, et al.*,

No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)...................................................10

*Maiden v. Merge Techs., Inc.*,

No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........5

*Martin v. BioXcel Therapeutics, Inc. et al.*,

No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .....................................................10

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998)...........................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,

    182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................7

*Petersen v. Stem, Inc. et. al.,*

    No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .....................................10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular*

    *Corporation, et al.*,

    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023)........................................10

*Robidoux v. Celani*,

    987 F.2d 931 (2d Cir. 1993)...................................................................7

*Solomon v. Peloton Interactive, Inc. et al.,*

    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ......................................10

*Takeda v. Turbodyne Techs., Inc.,*

    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) .................................................7

*In re Tesla Inc. Securities Litigation,*

    No. 3:18-cv-4865 (N.D. Cal.) ..............................................................10

*Thant v. Rain Oncology Inc. et al.*,

    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ............................................10

*Thant v. Veru, Inc. et al.,*

    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................10

*In re U.S. Steel Securities Litigation,*

    No. 2:17-579-CB (W.D. Pa.) ...............................................................10

*Villanueva v. Proterra Inc. et al.,*

    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) .....................................10

*Weiss v. York Hosp.*,

    745 F.2d 786 (3d Cir. 1984)...................................................................8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................passim

## I.   PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of all investors who purchased or otherwise acquired Edwards Lifesciences Corporation ("Edwards" or the "Company") securities between February 6, 2024 to July 24, 2024, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Bernard J. Zovighian ("Zovighian"), Larry L. Wood ("Wood"), and Scott B. Ullem ("Ullem") (collectively, "Defendants").[2]

Plaintiff Dhimant Patel ("Plaintiff") lost approximately $6,193.63 as a result of the alleged fraud during the Class Period. Plaintiff respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Plaintiff satisfies both requirements.

Plaintiff believes that he has the largest financial interest in the outcome of

---

[1] The above-captioned action pending in this Court is entitled *Patel v. Edwards Lifesciences Corporation, et al.,* C.A. No. 8:24-cv-02221-AH-KES (C.D. Cal. Oct. 14, 2024) (the "*Patel* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)), as well as Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

the case.[3] As such, Plaintiff meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Plaintiff satisfies the requirements of Rule 23 of the Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Plaintiff respectfully submits that he should be appointed Lead Plaintiff. Additionally, Plaintiff's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[5]

Edwards is an international company that researches, develops, provides products and technologies for heart valve repair and replacement therapies, as well as critical care monitoring solutions. ¶ 20.

Edwards categorizes its therapies and technologies into four categories: Transcatheter Aortic Valve Replacement ("TAVR"), Transcatheter Mitral and Tricuspid Therapies ("TMTT"), Surgical Structural Heart therapies, and Critical Care therapies. ¶ 21.

The statements in Paragraphs 22 to 30 of the *Patel* Complaint were false and/or materially misleading. ¶ 31. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. *Id.* In truth, TAVR's growth was at risk of

---

[3] Plaintiff's certification identifying his transactions during the Class Period and a chart detailing his losses are attached to the Declaration of Adam M. Apton, dated December 13, 2024 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Patel* Complaint") filed in the *Patel* Action. The facts set forth in the *Patel* Complaint are incorporated herein by reference.

decelerating. Edwards' optimistic reports of TAVR's growth and anticipated ramp in the second quarter and further ramp throughout the fiscal year fell short of reality as Defendants "patient activation activities" failed to reach the perceived low-treatment-rate population TAVR's growth relied upon obtaining and, further, Defendants relied far too heavily or otherwise overstated hospital desire to continue to utilize the Company's TAVR procedures over newer, innovative structural heart therapies. *Id.*

On July 24, 2024, Defendants released their Q2FY24 TAVR results below expectations and lowered FY24 projections for TAVR. ¶ 32.

During the same-day earnings call, CEO Zovighian elaborated on the setbacks, highlighting that TAVR grew significantly more slowly than anticipated and restated less than one month before the second quarter's close. ¶ 33.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the February 6, April 25, June 5, 2024 earnings and shareholder calls. ¶ 36. On those calls, Defendants continually praised their TAVR products' alleged growth, foreseeing a growth ramp in the second quarter which would continue to grow into the back half of the year due to their confidence in accelerating patient care through activation activities designed to reach a claimed subset of untreated patients. *Id.* All-the-while Defendants simultaneously touted their commitment to TAVR as their key flagship product and continually minimized the risks associated with competition and the potential impact of the macroeconomic hospital environment on TAVR's sales numbers. *Id.*

Investors and analysts reacted immediately to Edwards' revelation. ¶ 37. The price of Edwards' common stock declined dramatically. *Id.* From a closing market price of $86.95 per share on July 25, 2024, Edwards' stock price fell to $59.70 per share on July 26, 2024, a decline of about 31.34% in the span of just a single day. *Id.*

## III.   ARGUMENT

### A.   PLAINTIFF'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1.   The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Plaintiff satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Plaintiff is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a. Plaintiff Is Willing to Serve As Class Representative

On October 14, 2024, Levi & Korsinsky, counsel in the *Patel* Action, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Edwards and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Patel* Action.[6]

Plaintiff has reviewed the complaint filed in the *Patel* Action and has timely filed his motion pursuant to the Notice.

### b. Plaintiff Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Plaintiff has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference

---

[6] The *Patel* Action was filed in this Court on October 14, 2024. On the same day, the Notice was published over *Globe Newswire*, a widely-circulated national business- oriented wire service. See Apton Decl. Ex. C.

between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Plaintiff purchased Edwards securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Plaintiff: (1) purchased 260 shares of Edwards stock; (2) expended $23,554.70 on his purchases of Edwards securities; (3) retained all 260 shares of Edwards securities through the end of the Class Period; and (4) suffered a substantial loss of $6,193.63 in connection with his purchases of Edwards securities. *See* Apton Decl. Ex. B. Plaintiff thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**B.    Plaintiff Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Plaintiff satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### c. Plaintiff's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Plaintiff plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or

fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Plaintiff's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Plaintiff, like the other Class members, acquired Edwards securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Plaintiff suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Plaintiff satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### d. Plaintiff Will Adequately Represent the Class

Moreover, Plaintiff is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Plaintiff to whether the interests of Plaintiff are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Plaintiff and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Plaintiff's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Plaintiff's interests and those of the Class, but Plaintiff has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Plaintiff's

identical interest with the Class members, demonstrates that he will vigorously pursue the interests of the Class. In addition, Plaintiff has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v).

Accordingly, at this stage of the proceedings, Plaintiff has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Plaintiff has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Plaintiff considers himself to be a sophisticated investor, having been investing in the stock market for five years. He resides in Broken Arrow, Oklahoma, and possesses a master's degree in accounting. Plaintiff is self-employed as the owner of a Subway restaurant. Accordingly, Plaintiff meets the adequacy requirement of Rule 23.

**C.    APPROVING PLAINTIFF'S CHOICE OF COUNSEL IS APPROPRIATE**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Plaintiff has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. D (Levi & Korsinsky's firm resume, respectively). Moreover, Levi & Korsinsky has often

been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, this Court may be assured that in the event that Plaintiff's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion and enter an order: (1) appointing Plaintiff as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

Dated: December 13, 2024          Respectfully submitted,

                                  **LEVI & KORSINSKY, LLP**

                                  */s/ Adam M. Apton*
                                  Adam M. Apton (SBN 316506)
                                  445 South Figueroa Street, 31st Floor
                                  Los Angeles, CA 90071
                                  Tel: (213) 985-7290
                                  Email: aapton@zlk.com

                                  *Proposed Lead Counsel for Dhimant Patel*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On December 13, 2024, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DHIMANT PATEL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on December 13, 2024.

/s/ Adam M. Apton
Adam M. Apton

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff certifies that this brief contains 3,714 words, which complies with the word limit of L.R. 11-6.1.

Executed on December 13, 2024.

/s/ *Adam M. Apton*
Adam M. Apton