ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARDS LIFESCIENCES CORPORATION, et al., <br><br> Defendants. | Case No. 8:24-cv-02221-AH-KES <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE:  January 15, 2025 <br> TIME:  1:30 p.m. <br> CTRM:  7D <br> JUDGE:  Hon. Anne Hwang |

4898-3822-7206.v1

## I.     INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of Edwards Lifesciences Corporation ("Edwards" or the "Company") securities between February 6, 2024 to July 24, 2024, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and three executive officers.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Uniformed Sanitationmen's Association Compensation Accrual Fund (the "Accrual Fund") should be appointed lead plaintiff because it filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Accrual Fund's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     FACTUAL BACKGROUND

Headquartered in Irvine, Edwards provides products and technologies for structural heart disease and critical care monitoring.  One of Edwards' core products is Transcatheter Aortic Valve Replacement ("TAVR").  Edwards stock trades on the New York Stock Exchange under the ticker symbol EW.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) defendants created the false impression that they possessed reliable information pertaining to Edwards' projected revenue outlook and anticipated growth while also minimizing risk from

- 1 -

seasonality and macroeconomic fluctuations; (ii) TAVR's growth was at risk of decelerating; (iii) Edwards' optimistic reports of TAVR's growth and anticipated ramp in second quarter 2024 and further ramp throughout fiscal year 2024 fell short of reality as defendants' "patient activation activities" failed to reach the perceived low-treatment-rate population TAVR's growth relied upon obtaining; and (iv) defendants relied far too heavily or otherwise overstated hospital desire to continue to utilize Edwards' TAVR procedures over newer, innovative structural heart therapies.

On July 24, 2024, Edwards disclosed second quarter 2024 TAVR results below expectations and lowered fiscal year 2024 projections for TAVR.  The Company attributed the TAVR setback on the "continued growth and expansion of structural heart therapies … [which] put pressure on hospital workflows."  ECF 1 at ¶4. Investors understood this to mean that developments in new procedures, including defendants' own Transcatheter Mitral and Tricuspid Therapies, put significant strain on hospital structural heart teams such that they were underutilizing TAVR, despite the Company's continued claim of a significantly undertreated patient population. Moreover, the Company announced three acquisitions during the second quarter designed to embolden their treatments alternative to TAVR, suggesting further that the Company was aware of the potential for the TAVR platform's decelerated growth. On this news, the price of Edwards stock fell more than 31%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Edwards securities, the Accrual Fund and other putative class members have suffered significant losses and damages.

### III.    ARGUMENT

#### A.    The Accrual Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after

- 2 -

4898-3822-7206.v1

the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on October 14, 2024 via *Globe Newswire*. *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Accrual Fund meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1. This Motion Is Timely

The October 14, 2024 statutory notice published on *Globe Newswire* advised putative class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by December 13, 2024. *See* Myers Decl., Ex. A. Because the Accrual Fund's motion has been timely filed, it is eligible for appointment as lead plaintiff.

- 3 -

4898-3822-7206.v1

### 2. The Accrual Fund Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Accrual Fund purchased 14,157 shares of Edwards securities and suffered approximately $291,681 in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Accrual Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Accrual Fund Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730; *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Lloyd*, 2011 WL 13128303, at *5 (citation omitted). Here, like all other class members, the Accrual Fund: (1) purchased Edwards securities during the Class Period; (2) was adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. *See* Myers Decl., Exs. B, C. "The typicality requirement thus appears to be satisfied because the [Accrual] Fund's claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic

- 4 -

4898-3822-7206.v1

to the interests of absent class members, and it is unlikely that the action is collusive." *Id.* Here, the Accrual Fund's substantial stake in the outcome of the case indicates that it has the requisite incentive to vigorously represent the class's claims. The Accrual Fund's interests are aligned with the interests of the putative class. And, as institutional investor with experience serving as: (1) a fiduciary on behalf of its members and beneficiaries; and (2) lead plaintiff in securities class actions, the Accrual Fund is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."); *Chan v. Equinix*, No. 3:24-cv-02656-VC, ECF 42 (N.D. Cal. Aug. 15, 2024) (appointing the Accrual Fund as lead plaintiff in a securities class action).

Indeed, the Accrual Fund is a pension fund benefitting sanitation workers at the New York City Department of Sanitation and their beneficiaries. The Accrual Fund understands the obligations of a lead plaintiff to absent class members under the PSLRA and is willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. Finally, the Accrual Fund has selected qualified counsel to represent it and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the Accrual Fund filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

**B.    The Court Should Approve the Accrual Fund's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also*

- 5 -

4898-3822-7206.v1

*In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Accrual Fund has selected Robbins Geller.[1]

Robbins Geller, a 200-attorney nationwide law firm with two California offices, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Notably, in the last five years alone, Robbins Geller recovered more than $5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), $490 million in *In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR (N.D. Cal.) and $350 million in *In re Alphabet, Inc. Sec. Litig.*, No. 3:18-cv-06245-TLT (N.D. Cal.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

[1] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

[2] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio)

- 6 -

Based upon its counsel's extensive experience and proven track record in securities class actions, the Accrual Fund's selection of counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Accrual Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Accrual Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  December 13, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

---

($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

4898-3822-7206.v1

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone:  212/652-3890
212/652-3891 (fax)
vpitta@pittalaw.com

Additional Counsel

4898-3822-7206.v1