**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Proposed Lead Plaintiff*
*Louisiana Sheriffs' Pension & Relief Fund and*
*City of Fort Lauderdale Police & Firefighters'*
*Retirement System*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| DHIMANT PATEL, Individually and on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN, LARRY L. WOOD, and SCOTT B. ULLEM,<br><br>                    Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND AND CITY OF FORT LAUDERDALE POLICE & FIREFIGHTERS' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**<br><br>Date: January 15, 2025<br>Time: 1:30 p.m.<br>Courtroom: 7D<br>Judge: Hon. Anne Hwang |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...............................................................................ii

I.      PRELIMINARY STATEMENT ...................................................................1

II.     SUMMARY OF THE ACTION.................................................................3

III.    ARGUMENT ...........................................................................................4

        A.      Louisiana Sheriffs And Fort Lauderdale P&F Are The
                Most Adequate Plaintiff .............................................................4

                1.      Louisiana Sheriffs' And Fort Lauderdale P&F's
                        Motion Is Timely ...........................................................5

                2.      Louisiana Sheriffs And Fort Lauderdale P&F Have
                        The Largest Financial Interest In The Relief
                        Sought By The Class.......................................................5

                3.      Louisiana Sheriffs And Fort Lauderdale P&F
                        Otherwise Satisfy The Requirements Of Rule 23.......6

                4.      Louisiana Sheriffs And Fort Lauderdale P&F Are
                        Precisely The Type Of Lead Plaintiff Envisioned
                        By The PSLRA ...............................................................7

        B.      Louisiana Sheriffs And Fort Lauderdale P&F Selected
                Well-Qualified Lead Counsel To Represent The Class......................11

IV.     CONCLUSION.......................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alperstein v. Sona Nanotech Inc.*,
   2021 WL 4704710 (C.D. Cal. Mar. 16, 2021)......................................................6

*In re Aqua Metals Sec. Litig.*,
   2018 WL 4860188 (N.D. Cal. May 23, 2018)......................................................11

*Basile v. Valeant Pharm., Int'l, Inc.*,
   2015 WL 13652714 (C.D. Cal. May 5, 2015)......................................................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...............................................................4, 6, 8, 11

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ...............................................................................12

*Ferreira v. Funko, Inc.*,
   2020 WL 3246328 (C.D. Cal. June 11, 2020)......................................................9

*Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017).................................................................8

*Lloyd v. CVB Fin. Corp.*,
   2011 WL 13128303 (C.D. Cal. Jan. 21, 2011).....................................................8

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) .................................................................4, 6, 7, 8

*Shreves v. Xunlei Ltd.*,
   2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) .....................................................6

*In re Snap Inc. Sec. Litig.*,
   2019 WL 2223800 (C.D. Cal. Apr. 1, 2019)........................................................11

*Sneed v. AcelRx Pharms., Inc.*,
   2021 WL 5964596 (N.D. Cal. Dec. 16, 2021).......................................................8

*In re Versata, Inc. Sec. Litig.*,
   2001 WL 34012374 (N.D. Cal. Aug. 20, 2001)..............................................8, 11

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ................................................................................*passim*

**Other Authorities**

Fed R. Civ. P. 23(a)(4) ...........................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .............................................................................................................8

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR APPOINTMENT
AS LEAD PLAINTIFF
Case No. 8:24-cv-02221-AH-KES

Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") and City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale P&F") respectfully submit this memorandum of points and authorities in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for the entry of an order: (1) appointing Louisiana Sheriffs and Fort Lauderdale P&F as Lead Plaintiff; (2) approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

On October 14, 2024, the above-captioned securities class action was filed on behalf of investors that purchased or otherwise acquired Edwards Lifesciences Corporation ("Edwards" or the "Company") common stock between February 6, 2024, and July 24, 2024, inclusive (the "Class Period").  This action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Edwards and certain of the Company's senior executives (collectively, "Defendants").  Specifically, the action alleges that, throughout the Class Period, Defendants made numerous materially false and misleading statements regarding the growth of Edwards' core product segment, heart valves used in Transcatheter Aortic Valve Replacement ("TAVR") procedures. Edwards investors, including Louisiana Sheriffs and Fort Lauderdale P&F, incurred significant losses when the Company revealed that capacity constraints in hospitals limited sales growth in Edwards' TAVR segment in the second quarter of 2024, and caused the Company to significantly reduce its guidance for the full fiscal year 2024.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA creates a

presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest" in the relief sought by the Class and that also makes a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Louisiana Sheriffs and Fort Lauderdale P&F are the "most adequate plaintiff" by virtue of, among other things, the approximately $623,525 in losses that they incurred on their Class Period purchases of 29,585 shares of Edwards common stock.[1]

In addition to possessing a substantial financial interest, Louisiana Sheriffs and Fort Lauderdale P&F satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class and they will fairly and adequately represent the interests of the Class.  Louisiana Sheriffs and Fort Lauderdale P&F are the paradigmatic investors that Congress intended to serve as lead plaintiff under the PSLRA because they are sophisticated institutional investors with a significant financial interests in the litigation.  The appointment of Louisiana Sheriffs and Fort Lauderdale P&F would fulfill this critical legislative purpose.  Further, Louisiana Sheriffs and Fort Lauderdale P&F have experience serving as a lead plaintiff in other securities class actions that led to significant recoveries for investors and supervising the work of outside counsel, including their proposed Lead Counsel, Bernstein Litowitz.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, Louisiana Sheriffs and Fort Lauderdale P&F fully understand the Lead

---

[1] Louisiana Sheriffs' and Fort Lauderdale P&F's PSLRA-required Certifications are provided as Exhibit A to the Declaration of Jonathan D. Uslaner (the "Uslaner Decl."), filed concurrently herewith.  In addition, charts providing calculations of Louisiana Sheriffs' and Fort Lauderdale P&F's losses are provided as Exhibit B to the Uslaner Decl.  Unless otherwise noted, all internal citations and quotations are omitted and all emphasis is added.

Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. *See* Uslaner Decl., Ex. C ¶¶ 3, 5, 15. Before seeking appointment as Lead Plaintiff, representatives of Louisiana Sheriffs and Fort Lauderdale P&F participated in a conference call and discussed, among other things, how they will jointly prosecute this action and oversee their chosen counsel, and otherwise ensure the vigorous yet cost-effective prosecution of this litigation. *See id*. ¶¶ 10-11.

Louisiana Sheriffs and Fort Lauderdale P&F have further demonstrated their adequacy through their selection of Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities litigation firm that has recovered more than $40 billion for defrauded investors. Bernstein Litowitz is eminently qualified to prosecute this case and its extensive experience in securities fraud litigation will benefit the Class.

Based on Louisiana Sheriffs' and Fort Lauderdale P&F's significant financial interest in the outcome of this action, and their ability to oversee counsel, Louisiana Sheriffs and Fort Lauderdale P&F respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## II.    SUMMARY OF THE ACTION

Edwards is a global medical technology company, specializing in solutions for cardiovascular disease. Edwards categorizes its therapies and technologies into four segments: Transcatheter Aortic Valve Replacement ("TAVR"), Transcatheter Mitral and Tricuspid Therapies ("TMTT"), Surgical Structural Heart therapies, and Critical Care therapies. Edwards' core products have been artificial valves used in TAVR procedures. In 2023, the TAVR segment accounted for approximately 65% of the Company's net sales. Although smaller in terms of overall net sales, the TMTT segment is the Company's fastest growing segment.

The action alleges that, throughout the Class Period, Defendants made numerous materially false and misleading statements and omissions concerning the

revenue growth of the Company's TAVR segment. The Company repeatedly emphasized the long-term growth prospects of the TAVR technology and the Company's ability to capitalize on the purportedly large numbers of untreated patients through the scaling of its various patient activation activities.

In truth, the Company's TAVR products were highly susceptible to the negative impacts presented by hospital capacity constraints that limited the ability of physicians to perform a large number of TAVR procedures. Hospitals and other surgical centers where  patients receive TAVR procedures were overwhelmed by multiple new structural heart therapies, including new therapies launched by Edwards in its TMTT segment.

The truth emerged on July 24, 2024, when the Company reported TAVR sales growth for the second fiscal quarter of 2024 that failed to meet guidance, and slashed its revenue guidance for the full fiscal year 2024 by up to 38%. The Company attributed this material reduction in the growth prospects for its TAVR devices to capacity constraints in hospitals, which could not accommodate the volume of TAVR procedures necessary to achieve the sales growth that the Company told investors to expect. These disclosures caused the Company's stock price to decline by $27.25 per share, or 31%.

## III. ARGUMENT

### A. Louisiana Sheriffs And Fort Lauderdale P&F Are The Most Adequate Plaintiff

The PSLRA sets forth the procedure that governs the appointment of a lead plaintiff in class actions arising under the federal securities laws and establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (discussing the process for selecting a lead plaintiff under the PSLRA); *In re Mersho*, 6 F.4th 891, 896 (9th Cir.

2021) (same).  As set forth below, Louisiana Sheriffs and Fort Lauderdale P&F believe that they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1. Louisiana Sheriffs' And Fort Lauderdale P&F's Motion Is Timely

Under the PSLRA, any class member or group of class members may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On October 14, 2024, the above-captioned securities class action was filed in this District.  The same day, counsel for the plaintiff published a notice on *Globe Newswire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is December 13, 2024.  *See* Uslaner Decl., Ex. D.  Accordingly, Louisiana Sheriffs' and Fort Lauderdale P&F's motion is timely.

### 2. Louisiana Sheriffs And Fort Lauderdale P&F Have The Largest Financial Interest In The Relief Sought By The Class

Louisiana Sheriffs and Fort Lauderdale P&F should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Louisiana Sheriffs and Fort Lauderdale P&F suffered losses of approximately $623,525 on their Class Period purchases of 29,585 shares of Edwards common stock.  *See* Uslaner Decl., Exs. A & B.  To the best of Louisiana Sheriffs' and Fort Lauderdale P&F's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Louisiana Sheriffs and Fort Lauderdale P&F have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.    Louisiana Sheriffs And Fort Lauderdale P&F Otherwise Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Louisiana Sheriffs and Fort Lauderdale P&F otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as lead plaintiff, a movant need only make "a prima facie showing of typicality and adequacy" under Rule 23.  *Cavanaugh*, 306 F.3d at 731.  At this stage, "the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations."  *Mersho*, 6 F.4th at 899.  As detailed below, Louisiana Sheriffs and Fort Lauderdale P&F satisfy the typicality and adequacy requirements.

Louisiana Sheriffs' and Fort Lauderdale P&F's claims are typical of the claims of other Class members.  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Alperstein v. Sona Nanotech Inc.*, 2021 WL 4704710, at *3 (C.D. Cal. Mar. 16, 2021).  Here, Louisiana Sheriffs and Fort Lauderdale P&F, like all other members of the Class, seek recovery for the losses on their investments in Edwards common stock that they incurred as a result of Defendants' misrepresentations and omissions.  Louisiana Sheriffs, Fort Lauderdale P&F, and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, Louisiana Sheriffs and Fort Lauderdale P&F (1) purchased Edwards common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed.  *See Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (finding typicality requirement met when proposed lead plaintiff "purchased

[defendant corporation] stock at prices [movant] alleges were artificially inflated by Defendants' misrepresentations and omissions, and was allegedly damaged thereby"). Accordingly, Louisiana Sheriffs and Fort Lauderdale P&F satisfy Rule 23's typicality requirement.

Louisiana Sheriffs and Fort Lauderdale P&F likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy element of Rule 23 is met where the movant and its counsel do not "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class." *Mersho*, 6 F.4th at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). Louisiana Sheriffs and Fort Lauderdale P&F satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class's claims. Louisiana Sheriffs' and Fort Lauderdale P&F's interests are directly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Louisiana Sheriffs, Fort Lauderdale P&F, and other members of the Class.

Louisiana Sheriffs and Fort Lauderdale P&F have further demonstrated their adequacy through their selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Accordingly, Louisiana Sheriffs and Fort Lauderdale P&F satisfy Rule 23's adequacy requirement.

### 4. Louisiana Sheriffs And Fort Lauderdale P&F Are Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Louisiana Sheriffs and Fort Lauderdale P&F are the

prototypical Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a substantial financial interest in the litigation. *See Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at \*5 (C.D. Cal. Jan. 21, 2011) (noting that the PSLRA "establishes a preference that sophisticated institutional investors direct the course of securities cases"); *see also* H.R. Conf. Rep. No. 104-369, at \*34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors . . . will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at \*34-35, *as reprinted in* 1995 U.S.C.C.A.N. at 733-34.

The plain text of the PSLRA expressly permits the appointment of a group of class members to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Accordingly, courts throughout the Ninth Circuit routinely appoint as lead plaintiff small, cohesive groups that have demonstrated they are capable of vigorously prosecuting the action on behalf of the class. *See, e.g.*, *Basile v. Valeant Pharm., Int'l, Inc.*, 2015 WL 13652714, at \*2 (C.D. Cal. May 5, 2015) (appointing group of two institutional investors as lead plaintiff); *Sneed v. AcelRx Pharms., Inc.*, 2021 WL 5964596, at \*5 (N.D. Cal. Dec. 16, 2021) (appointing group of investors as lead plaintiff); *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1056 (N.D. Cal. 2017) (same); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff."); *Cavanaugh*, 306 F.3d at 731 n.8 ("[A] group of persons can collectively serve as a lead plaintiff[.]"). Here, Louisiana Sheriffs and Fort Lauderdale P&F are a cohesive pair of institutions that determined on their own that their joint appointment as Lead Plaintiff would advance the Class's best interests. *See* Uslaner Decl., Ex. C ¶¶ 7-8; *see also In re Versata,*

*Inc. Sec. Litig.*, 2001 WL 34012374, at *6-7 (N.D. Cal. Aug. 20, 2001) (appointing group of investors as lead plaintiff because they "possess[ed] both sophistication and business knowledge, as well as substantial individual losses which adds meaningful incentive for a vigorous prosecution of the action").

Louisiana Sheriffs and Fort Lauderdale P&F understand the duties and responsibilities with which a Lead Plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel. As set forth in the Joint Declaration, Louisiana Sheriffs and Fort Lauderdale P&F have attested to their willingness and ability to fulfill the duties and responsibilities they would assume if appointed to lead this case, including acting as a fiduciary for all Class members, staying informed about the litigation, participating in depositions and settlement mediations, as needed, and reviewing and authorizing the filing of important litigation documents. *See* Uslaner Decl., Ex. C ¶¶ 3, 5-6, 11, 15; *see also Ferreira v. Funko, Inc.*, 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020) (appointing a small group of investors that submitted joint declaration demonstrating "that they appreciate their duty to manage the litigation firmly and actively"). Moreover, Louisiana Sheriffs and Fort Lauderdale P&F are committed to ensuring that this litigation is prosecuted in an efficient and effective manner. *See* Uslaner Decl., Ex. C ¶¶ 11, 13.

Louisiana Sheriffs and Fort Lauderdale P&F are strongly motivated to recover the losses they incurred as a result of Defendants' alleged violations of the federal securities laws. *See id.* ¶ 6. Through the course of their evaluation of this case, Louisiana Sheriffs and Fort Lauderdale P&F each followed their own deliberative processes to determine whether to seek appointment as Lead Plaintiff. *See id.* ¶ 7. Following full consideration of the merits of the claims against Defendants by decision-makers for each institution, and given the magnitude of their losses, Louisiana Sheriffs and Fort Lauderdale P&F each independently determined to seek a leadership role in this case. *See id.* As part of those processes, Louisiana Sheriffs

and Fort Lauderdale P&F each also considered whether there was an opportunity to work with other institutional investors in seeking Lead Plaintiff, and whether doing so would be in each of their respective interests and in the best interests in the Class. *See id.* ¶ 8.

Louisiana Sheriffs and Fort Lauderdale P&F each have prior experience working with other institutional investors to prosecute securities fraud claims. For example, Louisiana Sheriffs served as lead plaintiff, together with three other institutional investors, in *In re Wells Fargo & Co. Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.), and recovered $1 billion for investors, with Bernstein Litowitz as co-lead counsel. *See* Uslaner Decl., Ex. C ¶ 3. Fort Lauderdale P&F served as lead plaintiff, alongside another institutional investor, in *In re Emergent BioSolutions Inc. Securities Litigation*, No. 21-cv-955 (D. Md.), and recovered $40 million for investors (pending court approval). *See id.* ¶ 5. Based on those prior experiences, Louisiana Sheriffs and Fort Lauderdale P&F each independently determined that their partnership would benefit the representation of the Class here, and approved the filing of their joint motion. *See id.* ¶ 8. Louisiana Sheriffs' and Fort Lauderdale P&F's decision to join together to prosecute this action was further informed by their roles as fiduciaries and their shared interests in protecting and maximizing pension fund assets. *See id.*

The Joint Declaration also demonstrates that Louisiana Sheriffs and Fort Lauderdale P&F have already taken, and will continue to take, significant measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class. Before seeking appointment as Lead Plaintiff, representatives of Louisiana Sheriffs and Fort Lauderdale P&F participated in a conference call during which they discussed, among other things: Louisiana Sheriffs' and Fort Lauderdale P&F's respective losses arising from Defendants' alleged misconduct; the claims against Defendants; the shared desire of Louisiana Sheriffs and Fort Lauderdale P&F to maximize the recovery for the Class; the shared interests of Louisiana Sheriffs

and Fort Lauderdale P&F in prosecuting the case in a collaborative manner; the procedures and protocols to be followed in jointly prosecuting the case; and the benefits the Class would receive from the joint leadership of institutional investors. *See id.* ¶ 10. Through these and other measures, Louisiana Sheriffs and Fort Lauderdale P&F have sought to ensure that the Class will receive the best possible representation.

In sum, Louisiana Sheriffs and Fort Lauderdale P&F have demonstrated that they have the willingness, resources, experience, and commitment to work closely with one another to oversee the prosecution of this action, supervise their proposed Lead Counsel, and obtain the best possible recovery for the Class. *See In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) (appointing a group of investors who "submitted a joint declaration, which establishes the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly"); *Versata*, 2001 WL 34012374, at *6-7 (finding a group composed of sophisticated investors that submitted declarations "providing background information and articulating why [each] member is seeking lead plaintiff status as part of the asserted group" to be "sufficiently cohesive and structured to maximize its individual strengths and sophisticated business knowledge" and to have "exhibited a cooperative spirit"); *In re Aqua Metals Sec. Litig.*, 2018 WL 4860188, at *4-5 (N.D. Cal. May 23, 2018) (appointing group of investors that demonstrated they are "fully capable of representing the class's interests effectively").

## B. Louisiana Sheriffs And Fort Lauderdale P&F Selected Well-Qualified Lead Counsel To Represent The Class

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff, and

not the court, the power to select a lawyer for the class."). Courts generally defer to the lead plaintiff's choice of counsel. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions, including actions in this District and other courts in this Circuit. *See* Uslaner Decl., Ex. E (Bernstein Litowitz's Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling more than $6 billion—the second-largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in this District and Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (C.D. Cal.) (recovering $250 million for investors); *In re New Century Securities Litigation*, No. 07-cv-931 (C.D. Cal.) (recovering approximately $125 million for investors); *In re Mattel, Inc. Securities Litigation*, No. 19-cv-10860 (C.D. Cal.) (recovering $98 million for investors); *In re Merit Medical Systems, Inc. Securities Litigation*, No. 19-cv-2326 (C.D. Cal.) (recovering $18.25 million for investors); *Roberti v. OSI Systems Inc.*, No. 13-cv-9174 (C.D. Cal.) (recovering $15 million for investors); *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever

in a securities class action in this Circuit); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Louisiana Sheriffs' and Fort Lauderdale P&F's selection of Bernstein Litowitz as Lead Counsel for the Class.

## IV.   CONCLUSION

For the reasons discussed above, Louisiana Sheriffs and Fort Lauderdale P&F respectfully request that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated:  December 13, 2024                Respectfully submitted,

                                         **BERNSTEIN LITOWITZ BERGER
                                            & GROSSMANN LLP**

                                         */s/ Jonathan D. Uslaner*
                                         Jonathan D. Uslaner (Bar No. 256898)
                                         jonathanu@blbglaw.com
                                         2121 Avenue of the Stars, Suite 2575
                                         Los Angeles, CA 90067
                                         Tel:   (310) 819-3470

                                         -and-

                                         Hannah Ross
                                         Avi Josefson
                                         Scott R. Foglietta
                                         1251 Avenue of the Americas
                                         New York, NY 10020
                                         Tel:   (212) 554-1400
                                         Fax:   (212) 554-1444
                                         hannah@blbglaw.com
                                         avi@blbglaw.com
                                         scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**

Robert D. Klausner
7080 Northwest 4th Street
Plantation, FL 33317
Tel:    (954) 916-1202
Fax:    (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470