# EXHIBIT C

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN, LARRY L. WOOD, and SCOTT B. ULLEM,<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br><u>CLASS ACTION</u><br><br>**JOINT DECLARATION OF OSEY MCGEE JR. AND LYNN WENGUER IN SUPPORT OF THE MOTION OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND AND CITY OF FORT LAUDERDALE POLICE & FIREFIGHTERS' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL** |

JOINT DECLARATION
CASE NO. 8:24-CV-02221-AH-KES

We, Osey "Skip" McGee Jr. and Lynn Wenguer, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") and City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale P&F") for appointment as Lead Plaintiff in the securities class action against Edwards Lifesciences Corporation ("Edwards" or the "Company") and certain of its senior executives (collectively, "Defendants"), and approval of Louisiana Sheriffs' and Fort Lauderdale P&F's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the proposed class. We are informed of and understand the requirements and duties imposed on the Lead Plaintiff by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel, and overseeing the prosecution of the litigation. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2.      I, Osey "Skip" McGee Jr., am the Executive Director of Louisiana Sheriffs and am authorized to make this declaration on its behalf. Louisiana Sheriffs is a public pension fund that provides pension and other benefits for sheriffs, deputy sheriffs, and tax collectors in the State of Louisiana. Louisiana Sheriffs manages assets for the benefit of these active and retired employees and their beneficiaries. As reflected in its certification, Louisiana Sheriffs purchased Edwards common stock during the Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

3.      Louisiana Sheriffs is a sophisticated institutional investor with significant experience supervising counsel and acting as a fiduciary. Louisiana Sheriffs understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel. Louisiana Sheriffs' familiarity with the

PSLRA is informed by, among other things, its experience successfully serving as lead plaintiff in other securities class actions, including working together with other institutional investors. Indeed, Louisiana Sheriffs has achieved significant recoveries for investors when serving as a lead plaintiff or class representative in other securities class actions. *See, e.g.*, *In re Wells Fargo & Co. Sec. Litig.*, No. 20-cv-4494 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside three other institutional investors, with Bernstein Litowitz as co-lead counsel, and recovered $1 billion for investors); *In re Citigroup Inc. Bond Litig.*, No. 08-cv-9522 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside six other institutional investors, with Bernstein Litowitz as lead counsel, and recovered $730 million for investors); *In re Luckin Coffee Inc. Sec. Litig.*, No. 20-cv-1293 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside another institutional investor, with Bernstein Litowitz as co-lead counsel, and recovered $175 million for investors); *La. Sheriffs' Pension & Relief Fund v. Merrill Lynch & Co.*, No. 08-cv-9063 (S.D.N.Y.) (Louisiana Sheriffs served as lead plaintiff alongside another institutional investor, with Bernstein Litowitz as lead counsel, and recovered $150 million for investors). Louisiana Sheriffs is also currently serving as lead plaintiff, alongside two other institutional investors, in *Nixon v. CVS Health Corporation*, No. 24-cv-5303 (S.D.N.Y.), with Bernstein Litowitz serving as co-lead counsel. In addition, Louisiana Sheriffs is currently serving as lead plaintiff, alongside four other institutional investors, in *In re Vertiv Holdings Co Securities Litigation*, No. 22-cv-3572 (S.D.N.Y.), with Bernstein Litowitz serving as co-lead counsel.

4. I, Lynn Wenguer, am the Executive Director for Fort Lauderdale P&F and am authorized to make this declaration on behalf of Fort Lauderdale P&F. Fort Lauderdale P&F is a public pension fund that provides retirement benefits to over 2,000 police officers and firefighters and their families. As reflected in its certification, Fort Lauderdale P&F purchased Edwards common stock during the

---

Class Period and suffered substantial losses on those investments as a result of the violations of the federal securities laws alleged in this action.

5. Fort Lauderdale P&F is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Fort Lauderdale P&F's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including working together with other institutional investors. *See In re Emergent BioSolutions Inc. Sec. Litig.*, No. 21-cv-955 (D. Md.) (Fort Lauderdale P&F served as lead plaintiff alongside another institutional investor and recovered $40 million for investors, pending court approval); *In re Home Loan Servicing Sols., Ltd. Sec. Litig.*, No. 16-cv-60165 (S.D. Fla.) (Fort Lauderdale P&F served as lead plaintiff alongside two other institutional investors and recovered $6 million for investors); *In re Ariad Pharms., Inc. Sec. Litig.*, No. 13-cv-12544 (D. Mass.) (Fort Lauderdale P&F served as co-lead plaintiff, with Bernstein Litowitz as co-lead counsel, and recovered $3.5 million for investors). Fort Lauderdale P&F is currently serving as lead plaintiff, alongside another institutional investor, in *In re SelectQuote, Inc. Securities Litigation*, No. 21-cv-6903 (S.D.N.Y.), with Bernstein Litowitz as Lead Counsel. In addition, Fort Lauderdale P&F is currently serving as lead plaintiff, alongside another institutional investor, in *In re Xponential Fitness Securities Litigation*, No. 24-cv-285 (C.D. Cal.).

6. Louisiana Sheriffs and Fort Lauderdale P&F are each highly motivated to recover the significant losses that they and the class incurred as a result of Defendants' violations of the federal securities laws. The primary goal of Louisiana Sheriffs and Fort Lauderdale P&F in this litigation is to maximize the proposed class's recovery from all potentially culpable parties. Accordingly, Louisiana Sheriffs and Fort Lauderdale P&F both believe that it is important for this case to be led by committed institutional investors with experience leading class action lawsuits under the PSLRA and supervising the work of outside counsel, as well as a

financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the class.

7. Louisiana Sheriffs and Fort Lauderdale P&F each followed their own deliberative processes to determine whether to seek a leadership role in this action. As part of those processes, which included full consideration of the merits of the claims by decision-makers for each institution, as well as consideration of the substantial economic interest that Louisiana Sheriffs and Fort Lauderdale P&F each have in this action, Louisiana Sheriffs and Fort Lauderdale P&F independently determined to seek appointment as Lead Plaintiff in this case, and informed their counsel, Bernstein Litowitz, of their decision.

8. In exploring their decision to pursue a leadership position in this case, Louisiana Sheriffs and Fort Lauderdale P&F each considered whether there would be an opportunity to work with other institutional investors in seeking Lead Plaintiff appointment, and whether doing so would be in each of their respective interests and in the best interests of the class. Given Louisiana Sheriffs' and Fort Lauderdale P&F's prior experiences working as part of lead plaintiff groups to prosecute securities fraud claims, Louisiana Sheriffs and Fort Lauderdale P&F recognize the benefits to the class that result from having a small, cohesive group of sophisticated institutions cooperate in the prosecution of complex securities actions. Based on those prior experiences, Louisiana Sheriffs and Fort Lauderdale P&F each independently determined that serving as Lead Plaintiff together would allow them to maximize the recovery for all class members, and approved the filing of their joint motion. Louisiana Sheriffs' and Fort Lauderdale P&F's decision to jointly seek appointment as Lead Plaintiff was also informed by their roles as fiduciaries and their shared goals and interests in protecting and maximizing pension fund assets.

9. Louisiana Sheriffs and Fort Lauderdale P&F agree that their partnership is well-suited for this litigation and will further the interests of the class. Louisiana Sheriffs and Fort Lauderdale P&F understand that the PSLRA and courts

throughout the United States, including the Ninth Circuit, not only permit groups of investors to serve as lead plaintiff, but that joint institutional leadership can provide significant benefits to the class. Based on their prior experiences serving as a lead plaintiff alongside other institutional investors in securities class actions, Louisiana Sheriffs and Fort Lauderdale P&F believe that their joint oversight of the action can benefit the class by allowing them to share perspectives, experiences, and resources, and provide input on case strategy. Louisiana Sheriffs and Fort Lauderdale P&F intend to prosecute this action in such a collaborative manner.

10. Before seeking appointment as Lead Plaintiff, we participated in a conference call to discuss Louisiana Sheriffs' and Fort Lauderdale P&F's leadership of this litigation and commitment to jointly prosecute this action. During this call, representatives of Louisiana Sheriffs and Fort Lauderdale P&F discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' alleged misconduct; the strategy for the prosecution of this litigation; their shared interest in serving jointly as Lead Plaintiff in this case and their commitment to take an active role in supervising the prosecution of the action; and the benefits that the class would receive from their joint leadership of the case. Louisiana Sheriffs and Fort Lauderdale P&F believe that by working together they will ensure that the class's claims are efficiently and zealously prosecuted through their oversight of proposed Lead Counsel, Bernstein Litowitz.

11. Louisiana Sheriffs and Fort Lauderdale P&F intend to share their perspectives, experiences, and resources to direct this litigation. Representatives from Louisiana Sheriffs and Fort Lauderdale P&F understand the importance of joint decision-making and maintaining open lines of communication. To that end, we have in place procedures that will enable Louisiana Sheriffs and Fort Lauderdale P&F to confer, with or without counsel, via telephone and/or email on short notice to ensure that they are able to make timely decisions affecting the action. Louisiana Sheriffs and Fort Lauderdale P&F are committed to taking an active role in

supervising the prosecution of the action and intend to communicate with proposed Lead Counsel, and with each other separately from proposed Lead Counsel, as often as necessary to discuss major litigation developments and ensure the vigorous and efficient prosecution of the action.

12. Given the common goals and incentives of Louisiana Sheriffs and Fort Lauderdale P&F to maximize the class's recovery in this case, as well as their shared roles as fiduciaries to protect and maximize assets held for the benefit of their funds' participants, neither Louisiana Sheriffs nor Fort Lauderdale P&F envision having any dispute relating to their oversight of this action. However, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

13. Louisiana Sheriffs and Fort Lauderdale P&F also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified Lead Counsel and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable cost. Louisiana Sheriffs and Fort Lauderdale P&F decided to jointly seek appointment as Lead Plaintiff, in part, because of their shared desire to ensure that this action is prosecuted in an efficient and economical manner. As Lead Plaintiff, Louisiana Sheriffs and Fort Lauderdale P&F will ensure that Lead Counsel shall only act pursuant to their mandate. With respect to our selected counsel, Bernstein Litowitz, we believe that the class will benefit from having a law firm that is highly experienced in prosecuting complex securities class actions successfully as lead counsel. Louisiana Sheriffs' and Fort Lauderdale P&F's working relationships with Bernstein Litowitz ensures that this action will be prosecuted in the best interests of the class.

14. Louisiana Sheriffs and Fort Lauderdale P&F are familiar with the experience, resources, and qualifications of Bernstein Litowitz, and are aware that it is an accomplished law firm with a history of achieving significant settlements, verdicts, and corporate governance reforms from defendants in securities class

actions like this case, as well as other shareholder lawsuits. As a result of Louisiana Sheriffs' and Fort Lauderdale P&F's prior experience overseeing Bernstein Litowitz, we fully believe that Bernstein Litowitz will prosecute this litigation in a zealous and efficient manner as Lead Counsel under Louisiana Sheriffs' and Fort Lauderdale P&F's leadership.

15.    Louisiana Sheriffs and Fort Lauderdale P&F reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, Louisiana Sheriffs and Fort Lauderdale P&F will ensure that the securities class action against Defendants will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

I declare, based on my own knowledge and information provided to me by legal counsel, that the foregoing statements relating to Louisiana Sheriffs are true to the best of my knowledge.

Executed this __11th__ day of December, 2024.

_____
Osey "Skip" McGee Jr.
Executive Director

*On behalf of Louisiana Sheriffs*

JOINT DECLARATION
CASE NO. 8:24-CV-02221-AH-KES

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Fort Lauderdale P&F are true to the best of my knowledge.

Executed this __11__ day of December, 2024.


Lynn Wenguer
Executive Director

*On behalf of Fort Lauderdale P&F*

JOINT DECLARATION
CASE NO. 8:24-CV-02221-AH-KES