LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
Jordan D. Cook (SBN 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com
Email: jordan.cook@lw.com

*Attorneys for Defendants*
*Edwards Lifesciences Corporation,*
*Bernard J. Zovighian, Larry L. Wood,*
*and Scott B. Ullem*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN, LARRY L. WOOD, and SCOTT B. ULLEM,<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Date: September 3, 2025**<br>**Time: 1:30 p.m.**<br>**Courtroom: 7D**<br>**Judge: Hon. Anne Hwang** |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS

## I.       INTRODUCTION

Defendants Edwards Lifesciences Corp. ("Edwards" or the "Company"), Bernard J. Zovighian, Larry L. Wood, and Scott B. Ullem (collectively, "Defendants"), request that the Court consider the following documents attached to the Declaration of Kristin N. Murphy in connection with Defendants' Motion to Dismiss the Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Motion"):

| | |
|---|---|
| **Exhibit 1** | Excerpts of Edwards' Form 10-K for the fiscal year ended December 31, 2023, filed February 12, 2024, which is publicly available at www.sec.gov/edgar and is incorporated by reference in paragraphs 33 and 34 of Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"). |
| **Exhibit 2** | Transcript of Edwards' earnings call for the first quarter of fiscal year 2024 held on April 25, 2024, which is publicly available at ir.edwards.com, and is incorporated by reference in paragraphs 21-24, 51, 54, 112, 119, and 127 of the Complaint. |
| **Exhibit 3** | Transcript of Edwards' earnings call for the fourth quarter of fiscal year 2023 held on February 6, 2024, which is publicly available at ir.edwards.com, and is incorporated by reference in paragraphs 21-24, 49, and 109 of the Complaint. |
| **Exhibit 4** | Transcript of Edwards' earnings call for the second quarter of fiscal year 2024 held on July 24, 2024, which is publicly available at ir.edwards.com, and is incorporated by reference in paragraphs 2, 11, 84, 91-99, 107, 110, 113, 115, 118, 120, and 133-34 of the Complaint. |
| **Exhibit 5** | Edwards' Form 8-K, filed with the SEC on February 11, 2025, including Exhibit 99.1 entitled, "Edwards Lifesciences Reports Fourth Quarter Results," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 103 of the Complaint. |
| **Exhibit 6** | Edwards' Form 8-K, filed with the SEC on February 6, 2024, including Exhibit 99.1 entitled, "Edwards Lifesciences Reports Fourth Quarter Results," which is publicly available at www.sec.gov/edgar, and is incorporated by reference in paragraph 108 of the Complaint. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS

| **Exhibit 7** | Bernard Zovighian's Forms 4, filed with the SEC on May 5, 10, 17, 24, and 31, 2022, May 4 and 9, 2023, August 1, 2023, and May 30, 2024, which are publicly available at www.sec.gov/edgar, and are incorporated by reference in paragraphs 14, 21, 58, 85-86, 129, 173, 176-77, and 179-181 of the Complaint. |

## II.    ARGUMENT

In ruling on a motion to dismiss, the Court "*must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added) (citation omitted).  The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself"—even if they are not physically attached to the complaint.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  A document is incorporated by reference in a pleading if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id.* (citation omitted); *see also Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (same).  This rule applies even where a complaint does not "explicitly incorporate[]" a document by name or "reference[s]" only part of it.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (considering SEC filings, earnings call transcripts, and press releases); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (considering filings and transcripts partially quoted in complaint).  A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

Additionally, Federal Rule of Evidence 201 authorizes a court to judicially notice a fact that is not subject to reasonable dispute at any stage in the proceeding,

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

2

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS

including on a motion to dismiss.  A fact is judicially noticeable if it is "not subject to reasonable dispute" because it is (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts within this Circuit regularly take judicial notice of relevant public disclosure documents required to be filed with the SEC, as well as earnings call transcripts, as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See, e.g.*, *Cheng v. Activision Blizzard, Inc.*, 2022 WL 2101919, at *6 (C.D. Cal. Apr. 18, 2022) (taking judicial notice of "SEC filings [and] earnings calls," regardless of whether they were "referenced in the complaint") (citation omitted).

As explained below, each of the Exhibits is both incorporated by reference in the Complaint and subject to judicial notice.

### A.    All of the Exhibits Are Incorporated by Reference

**Exhibits 2-3, 6** (Form 8-K, earnings call transcripts) are incorporated by reference in the Complaint.  Plaintiffs assert that Defendants made false or misleading statements in each of these Exhibits.  *See* Compl. ¶¶ 108-110, 112-113, 119-120.  Because these materials contain the statements that Plaintiffs allege violated the federal securities laws, the documents "form[] the basis of Plaintiff[s']  assertions" and are incorporated by reference in the Complaint.  *Baron*, 2022 WL 17413562, at *5 (incorporating SEC filings, earnings call transcripts, and press releases that "contain [the alleged] materially false or misleading statements" and "relates to the basis" of plaintiff's claims).

**Exhibit 5** (Form 8-K) is also incorporated by reference in the Complaint.  Plaintiffs' theory of liability is that Edwards projected that TAVR sales would grow 8-10% in 2024 but that Defendants knew "growth at that level was illusory."  Compl. ¶ 1.  They expressly refer to and quote from this Exhibit, in which Edwards "disclosed that TAVR sales had grown 6% over 2024 on a year-over-year basis,"

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS

below its initial guidance, to argue that this "post-Class Period development[]" supports their falsity and scienter allegations. *Id.* ¶¶ 1, 103. Because Plaintiffs rely on **Exhibit 5** to support their claims, it is incorporated by reference in the Complaint. *Twitchell v. Enovix Corp.*, 2024 WL 3522187, slip op. at *9 (N.D. Cal. July 23, 2024) (court incorporating by reference document outside the class period that was referenced in the complaint).

**Exhibit 1** (Form 10-K) is also incorporated in the Complaint. Almost all of the Challenged Statements are forward-looking statements made during earnings calls and in Edwards' SEC filings. *See* Compl. ¶¶ 106, 108–09, 111-12, 114, 117, 119; *see also* Mot. at 8-11. During those calls and in Edwards' SEC filings, Defendants explained that their forward-looking statements may "cause actual results to differ materially" and directed investors to review Edwards SEC filings (*e.g.*, **Exhibit 1**) for a discussion of the material risks. In assessing whether forward-looking statements are actionable, courts are "required to consider any cautionary statement accompanying a forward-looking statement, which is not subject to material dispute, cited by the defendant." *In re Portal Software, Inc. Sec. Litig.*, 2005 WL 1910923, at *4 (N.D. Cal. Aug. 10, 2005); *Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, slip op. at *10 (S.D. Cal. Sept. 19, 2024) (incorporating by reference SEC filings to evaluate "forward-looking disclaimers"); *Grossman v. Sin*, 2025 WL 1330087, slip op. at *10 (C.D. Cal. Mar. 31, 2025) (considering the contents of "incorporated documents" including that certain "cautionary disclosures" were made). **Exhibit 1** is thus incorporated by reference.

**Exhibit 4** (earnings call transcript) is also incorporated in the Complaint. Plaintiffs claim that Defendants' "admi[ssions]" within this Exhibit served as corrective disclosures that revealed the "truth" about Defendants' purported fraud. Compl. ¶¶ 2, 11–12, 84, 91-99, 107, 110, 113, 115, 118, 120, and 133. Since Plaintiffs rely on this Exhibit to attempt to plead loss causation—a necessary element of Plaintiffs' securities fraud claims—**Exhibit 4** is incorporated by reference. *See,*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS

*e.g., In re WageWorks, Inc., Sec. Litig.*, 2020 WL 2896547, at \*4 (N.D. Cal. June 1, 2020) (incorporating by reference document alleged to be "corrective disclosure for purposes of loss causation"); *Pampena v. Musk*, 705 F. Supp. 3d 1018, 1039 (N.D. Cal. 2023) (same).

Finally, **Exhibit 7** (Zovighian's Forms 4) is incorporated by reference. Although the Complaint "does not name the [exhibit] explicitly," it "forms the basis" of Plaintiffs' claims that Zovighian engaged in insider trading, which Plaintiffs also rely on to support their scienter allegations on their Section 10(b) claim. *Kenneth S. Grossman*, 2025 WL 1330087, at \*10; *see also* Compl. ¶¶ 14, 86, 129, n.6, 176-77. Indeed, Plaintiffs "clearly gleaned" information regarding Zovighian's trades and trading history from Edwards' publicly filed Forms 4. *See In re Silicon Graphics*, 183 F.3d 970, 986 (9th Cir. 1999) (consideration of Forms 4 is appropriate, even where not explicitly referenced in the complaint); *see also Orexigen*, 899 F. 3d at 1002 (it is proper to incorporate documents into the complaint "even though the complaint did not allege or describe the[ir] contents" where the "claim necessarily depended on them"). Because Plaintiffs' claim that Zovighian made suspicious stock trades naturally "depends on" the Forms 4 substantiating those trades (*Klees v. Liberty Life Assurance Co. of Bos.*, 110 F. Supp. 3d 978, 982 (C.D. Cal. 2015)), it is proper to consider **Exhibit 7** as it is related to Plaintiffs' allegations "concerning stock sales by [Zovighian]" (*Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*15 (C.D. Cal. Apr. 14, 2015)). *See In re InfoSonics Corp. Sec. Litig.*, 2007 WL 2301757, at \*5 n.2 (S.D. Cal. Aug. 7, 2007) (considering Forms 4 "under the incorporation by reference doctrine" because "Plaintiffs discuss Defendants' stock trades and must have relied on the SEC filings."); *see also Fate Therapeutics*, 2024 WL 4246083, at \*9 (incorporating Forms 4 to assess plaintiffs' "trading and scienter allegations").[1]

---

[1] In determining whether Zovighian's stock sale was suspicious, the Court must whether his Class-Period sale was consistent with prior trading history. *See* Mot. at

**B.      All of the Exhibits Are Properly Subject to Judicial Notice**

Even if the Exhibits were not incorporated by reference, the Court should judicially notice all of the Exhibits under Federal Rule of Evidence 201(b)(2).

Edwards' SEC filings (**Exhibits 1, 5-7**) are judicially noticeable.  Courts routinely take judicial notice of SEC filings in connection with motions to dismiss securities class actions.  *See, e.g.*, *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as an example of "matter[s] subject to judicial notice"); *Cheng*, 2022 WL 2101919, at *6 ("Courts routinely find SEC filings, as well as press releases, earnings calls, and other information made available to the market [judicially noticeable].") (citation omitted); *Lloyd v. CVB Fin. Corp*, 2012 WL 12883522, at *12 (C.D. Cal. Jan. 12, 2012) ("Courts regularly take judicial notice of Form 4 filings") (citations omitted).  Because these materials are required by law to be filed with the SEC, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar, no serious question as to their authenticity exists.  *Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 966 (N.D. Cal. 2024); *Cheng*, 2022 WL 2101919, at *6.

Transcripts from Edwards' earnings calls (**Exhibits 2-4**) are also judicially noticeable.  These Exhibits (i) are publicly available at ir.edwards.com (as is clear from Plaintiffs' repeated citation to and quotation of them, *see* Compl. ¶¶ 109, 112, 119), (ii) are not subject to reasonable dispute, and (iii) can be accurately determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  Courts routinely take judicial notice of transcripts of earnings calls when considering motions to dismiss.  *See, e.g., Khachatryan v. 1 Hotel W. Hollywood L.L.C.*, 2024 WL 3015504, slip op. at *2 (C.D. Cal. June 14, 2024) (judicially

---

18-20 (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1067 (9th Cir. 2008)).  It is therefore appropriate for the Court to consider Zovighian's Forms 4 filed before the Class Period. *See, e.g., In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) (considering pre-class period Forms 4 to assess whether defendants' stock sales were consistent with prior trading).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS

noticing "publicly available" webpages or websites); *Baron*, 2022 WL 17413562, at *6–7 (judicially noticing earnings call transcript).

## III.   CONCLUSION

Because **Exhibits 1-7** are both incorporated by reference and properly subject to judicial notice—either of which allows the Court to consider them—Defendants respectfully request that the Court consider these Exhibits when adjudicating Defendants' Motion.

Dated: May 20, 2025

**LATHAM & WATKINS LLP**

By: /s/ Kristin N. Murphy
    Kristin N. Murphy
    *Kristin.Murphy@lw.com*
    Michele D. Johnson
    *Michele.Johnson@lw.com*
    Jordan D. Cook
    *Jordan.Cook@lw.com*
    650 Town Center Dr., 20th Fl.
    Costa Mesa, CA 92626-1925
    (714) 540-1235

*Attorneys for Defendants Edwards Lifesciences Corporation, Bernard J. Zovighian, Larry L. Wood, and Scott B. Ullem*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REQ. FOR CONSIDERATION RE
MOTION TO DISMISS