**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3481

*Counsel for Lead Plaintiffs*
*Louisiana Sheriffs' Pension & Relief Fund and*
*City of Fort Lauderdale Police & Firefighters'*
*Retirement System*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DHIMANT PATEL, Individually and on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN, LARRY L. WOOD, SCOTT B. ULLEM, and DAVEEN CHOPRA,<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Anne Hwang<br>Date: September 3, 2025<br>Time: 1:30p.m.<br>Courtroom: 7D |

## I.    INTRODUCTION

Plaintiffs[1] oppose Defendants'[2] request ("RJN") (ECF No. 55) that this Court incorporate by reference Exhibits 2 and 4 only on the grounds, and to the extent, that Defendants seek to introduce these documents for the truth of the matters asserted in them in order to dispute the facts alleged in the Complaint and to persuade the Court to accept disputed facts. Both the Ninth Circuit and trial courts in this District have rejected this "improper application of judicial notice and the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) (documents "cannot be incorporated by reference because they are being used to support a defense to the well-pled allegations in the complaint"); *Grossman v. Sin*, 2025 WL 1330087, at *13 (C.D. Cal. Mar. 31, 2025) (finding "impermissibl[e]" defendants' "attempt to raise factual disputes and draw favorable factual inferences from incorporated documents"); *Screen Actors Guild-Am. Fed'n of Television & Radio Artists v. LABC Prods., LLC*, 2022 WL 22919490, at *1 (C.D. Cal. Mar. 7, 2022) (declining to incorporate by reference because defendants' attempt to rebut plaintiff's contentions "create[d] a defense to the well-pled allegations in the complaint"); *Bushy v. Green*, 2022 WL 2442739, at *1-2 (C.D. Cal. Apr. 6, 2022) (declining to consider extrinsic documents "subject to reasonable dispute" and noting such documents "would be more appropriately considered at summary judgment").

Defendants have done what the Ninth Circuit cautioned against. Their use of such documents "to resolve competing theories against the complaint" is improper and should not be credited. *Khoja*, 899 F.3d at 998.

---

[1] Plaintiffs are the Louisiana Sheriffs' Pension & Relief Fund and Ford Lauderdale Police & Firefighters' Retirement System ("Lead Plaintiffs").

[2] Defendants are Edwards Lifesciences Corporation, Bernard J. Zovighian, Larry L. Wood, Scott B. Ullem, and Daveen Chopra ("Defendants").

## II.   ARGUMENT

In *Khoja*, the Ninth Circuit cautioned that "the overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results" and that the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." 899 F.3d at 998. The Ninth Circuit further observed "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id*. at 999. Regarding incorporated documents, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

Here, Defendants attach the transcript of Edwards' earnings call for the first quarter of fiscal year 2024 held on April 25, 2024 (D. Ex. 2) and the transcript from Edwards' Q2 2024 earnings call held on July 24, 2024 (D. Ex. 4) in an attempt to replace the factual allegations of the Complaint with their own preferred version of the facts.

Plaintiffs allege that Q1 2024 TAVR sales grew by only 6%, which was *not* in line with Edwards' 2024 sales growth guidance. ¶¶51, 111. Defendants use Exhibit 2 to dispute the 6% growth figure by arguing that Q1 2024 TAVR sales grew by 8%. ECF No. 54 at 5, 12 (citing D. Ex. 2 at 2-3). Tellingly, Defendants also mischaracterize their disputed 8% figure for Q1 TAVR sales by omitting the fact that this figure is after the 6% growth number is "***adjusted for billing days***." D. Ex. 2 at 3. *See, e.g., OSI Sys.*, 2020 WL 3124221, at *1 (documents "cannot be incorporated by reference because they are being used to support a defense to the well-pled allegations in the complaint"); *LABC Prods.*, 2022 WL 22919490, at *1 (declining to incorporate by reference because defendants' attempt to rebut

plaintiff's contentions "create[d] a defense to the well-pled allegations in the complaint.").

Defendants additionally use Exhibit 2 to make the assertion that Defendants, *in fact*, "*did not believe*" that EVOQUE procedures were going to affect overall capacity. ECF No. 54 at 12. Plaintiffs again allege the opposite—Defendants *knew* that the proliferation of Edwards' other products, including EVOQUE, put pressure on the already diminishing hospital capacity they needed to grow TAVR sales in 2024. ¶120. The facts alleged in the Complaint are assumed true and, thus, must control where Defendants attempt to dispute them by misusing the incorporation by reference doctrine. *Khoja*, 899 F.3d at 1003 ("the [incorporation by reference] doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim").

Defendants introduce Exhibit 4 to argue that "hospitals ha[d] shown a pretty good job of being able to handle" procedures that competed with TAVR, that it came as a "surprise" when Defendants learned that EVOQUE ate into TAVR sales growth, and that Edwards, *in fact*, "*believed*" the "slowdown" on TAVR procedures was "temporary." ECF No. 54 at 6.

Defendants use Exhibit 4 to dispute facts alleged in the Complaint. Specifically, the Complaint pleads facts showing that Defendants knew that hospitals had not done good job of handling TAVR volumes while administering new procedures like EVOQUE (¶70-71), that Defendants knew that TAVR volumes were not growing at the projected rates in-part because hospitals were opting to do other procedures, (¶71), and that it was not a "surprise" that increased use of other procedures was edging out TAVR sales (¶81). Plaintiffs also allege that Defendants did not believe that the TAVR growth slowdown was "temporary." ¶128.

Defendants' misuse of the incorporation-by-reference doctrine to create factual defenses and to dispute facts alleged in the Complaint should not be credited. *Khoja*, 899 F.3d at 1006 (holding that the district court improperly incorporated

documents purportedly refuting the plaintiffs' scienter arguments).

## III.   CONCLUSION

Plaintiffs respectfully submit that Defendants' RJN should be granted only to the extent that such material is offered to show certain statements were made, and not for the improper purpose of disputing Plaintiffs' well-pled allegations. Moreover, in each instance that documents incorporated-by-reference are inconsistent with or are used to dispute well-pled facts in the Complaint, the Complaint must control.

Dated: July 18, 2025                    Respectfully submitted,

                                        **BERNSTEIN LITOWITZ BERGER**
                                          **& GROSSMANN LLP**

                                        */s/ Jonathan D. Uslaner*
                                        Jonathan D. Uslaner (Bar No. 256898)
                                        2121 Avenue of the Stars, Suite 2575
                                        Los Angeles, CA 90067
                                        Tel:   (310) 819-3481
                                        jonathanu@blbglaw.com

                                        -and-

                                        Salvatore J. Graziano (*pro hac vice*
                                        forthcoming)
                                        Jeremy P. Robinson (*pro hac vice*)
                                        Thomas Z. Sperber (*pro hac vice*)
                                        Rebecca S. Temkin (*pro hac vice*)
                                        1251 Avenue of the Americas
                                        New York, NY 10020
                                        Tel:   (212) 554-1400
                                        Fax:   (212) 554-1444
                                        salvatore@blbglaw.com
                                        jeremy@blbglaw.com
                                        thomas.sperber@blbglaw.com
                                        rebecca.temkin@blbglaw.com

                                        *Counsel for Lead Plaintiffs Louisiana*
                                        *Sheriffs' Pension & Relief Fund and*

*City of Fort Lauderdale Police &
Firefighters' Retirement System*