LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
Jordan D. Cook (SBN 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com
Email: jordan.cook@lw.com

*Attorneys for Defendants*
*Edwards Lifesciences Corporation,*
*Bernard J. Zovighian, Larry L. Wood,*
*and Scott B. Ullem*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN, LARRY L. WOOD, and SCOTT B. ULLEM,<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>**Date: September 3, 2025**<br>**Time: 1:30 p.m.**<br>**Courtroom: 7D**<br>**Judge: Hon. Anne Hwang** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS

## I.      INTRODUCTION[1]

Plaintiffs concede that all of Defendants' Exhibits, Exhibits 1-7, are incorporated by reference into their Complaint, subject to judicial notice, or both. Despite this concession, Plaintiffs ask the Court not to consider the full contents of just Exhibits 2 and 4 because doing so undermines their claims, relying on *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988 (9th Cir. 2018).  But they ignore *Khoja*'s central holding. There, the Ninth Circuit explained that the incorporation-by-reference doctrine "treats certain documents as though they are *part of the complaint itself*" and allows a court to "assume an incorporated document's contents are *true* for purposes of a motion to dismiss." *Khoja*, 899 F.3d at 1002-03.  That Defendants ask the Court to apply the incorporation-by-reference doctrine as intended is neither "improper" nor an attempt to "disput[e] Plaintiffs' well-pled allegations." Opposition to Defendant's Request for Consideration Under Incorporation by Reference and Judicial Notice ("RJN Opp.") at 4.  Rather, Exhibits 2 and 4 provide the full context to Plaintiffs' allegations so as to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims"—which is precisely what *Khoja* counsels against.  *Khoja*, 899 F.3d at 1002-03.

Indeed, Plaintiffs' theory of fraud is that Defendants knew their forward-looking projections were "illusory" and "could not be achieved" due to "hospital capacity constraints" and because "TAVR [growth] had slowed." *E.g.*, ¶¶ 1, 7. Yet the Complaint expressly incorporates and selectively quotes and mischaracterizes the Challenged Statements and Exhibits, and omits that Defendants disclosed the very information Plaintiffs claim was concealed.  For example, Plaintiffs claim Defendants assured investors that "hospital capacity constraints were not posing a challenge to TAVR sales growth" (¶ 6), but the exact opposite is true.  Defendants

[1] All capitalized terms herein have the same definition as in Defendants' Motion to Dismiss. Dkt. 54 ("Motion").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS

specifically warned that the Company "continued to experience the impacts of the COVID-19 pandemic" including "disruptions related to staffing shortages in the United States and Europe," and that the *Company expects to "continue to experience adverse effects related to COVID-19 for some time, particularly as hospital systems continue experiencing budget constraints and staffing shortages*." Ex. 1 at 27; Ex. 2 at 2 (incorporating Ex. 1's risk warnings). Plaintiffs' attempt to cherry-pick portions of documents to manufacture a securities fraud claim while mischaracterizing or omitting the remaining portions of those documents that refute their allegations runs afoul of *Khoja. See In re Finjan Holdings, Inc*., 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (incorporated "document itself is controlling" when complaint "incorrectly summarizes" the document). The Court requires the full context of Plaintiffs' allegations—not incomplete excerpts, as such allegations are *not* "well-pled." The Court should thus consider the Exhibits in full—including Exhibits 2 and 4, the only Exhibits Plaintiffs challenge—when assessing Defendants' Motion.

## II.   ARGUMENT

### A.   Exhibits 2 and 4 Are Incorporated by Reference, and the Court Should Consider Them in Full

Plaintiffs do not dispute that Exhibits 2 and 4 are incorporated by reference into the Complaint. RJN Opp. at 1 (opposing the RJN "only on the grounds" that "Defendants seek to introduce [Exhibits 2 and 4] . . . to dispute the facts alleged in the Complaint"). Accordingly, the Court should consider the *entire contents* of both Exhibits under the incorporation-by-reference doctrine—not just Plaintiffs' self-selected "facts or inferences." *In re NVIDIA*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (holding that a document may be "consider[ed] . . . in its entirety" under the incorporation by reference doctrine where Plaintiffs "rel[ied] on portions of it in their complaint"); *Waswick v. Torrid Holdings, Inc.*, 2024 WL 3740052, at *5 (C.D. Cal. July 23, 2024) (explaining that the "entire [incorporated] document is assumed to be

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS

true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents"); *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *10 (C.D. Cal. Feb. 16, 2023) (same). Plaintiffs cite no authority to the contrary. Instead, Plaintiffs argue that Defendants use Exhibits 2 and 4 "to replace the factual allegations of the Complaint with their own preferred version of the facts." RJN Opp. at 2.[2] This argument is meritless and mischaracterizes *Khoja* and Defendants' Motion.

*First*, Defendants are not asking the Court to "resolve competing theories" against the Complaint. RJN Opp. at 1-2. Rather, Defendants ask that the Court consider the *full* content and context of the Exhibits that Plaintiffs do not dispute are incorporated into the Complaint to properly assess whether Plaintiffs have adequately pled each required element of their securities fraud claim. Dkt. 55 ("RJN") at 3-5. Indeed, "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *Rivian Auto.*, 2023 WL 3050081, at *10 (finding plaintiffs' "theory of falsity" implausible when reading the statements "reasonably and in context" alongside their "surrounding text"). Plaintiffs complain that Defendants refer to facts from Exhibit 2 (Edwards' 8% TAVR sales growth in 1Q24) and Exhibit 4 (hospitals' ability of "being able to handle" competing procedures) that Plaintiffs do not cite—but their own authority confirms that is the very purpose of the incorporation-by-reference doctrine: to prevent Plaintiffs from "omitting" facts that "weaken—or doom—their claims" from documents they "referenc[e] extensively" in their Complaint. *Grossman v. Sin*, 2025 WL 1330087,

---

[2] Plaintiffs' three cited authorities are not to the contrary. RJN Opp. at 1. Each decision, authored by the same judge, refused to incorporate documents that "plaintiffs do not cite," *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) or are "mentioned only once in the complaint," *Screen Actors Guild-Am. Fed'n of Television & Radio Artists v. LABC Prods., LLC*, 2022 WL 22919490, at 1 (C.D. Cal. Mar. 7, 2022). *See also Bushy v. Green*, 2022 WL 2442739, at *1 (C.D. Cal. Apr. 6, 2022) (refusing to judicially notice documents subject to dispute). None involved circumstances in which the parties agreed that the documents *should be* incorporated by reference—like Plaintiffs do here.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS

at *10-11 (C.D. Cal. Mar. 31, 2025) (RJN Opp. at 1) ("tak[ing] as true the contents of the incorporated documents," including, "for instance, that certain disclosures were made in SEC filings").

*Second*, Plaintiffs argue that the Court may not rely on Exhibits 2 and 4 "for the truth of the matters asserted . . . in order to dispute the facts alleged in the Complaint." RJN Opp. at 1 (citing *Khoja*, 899 F.3d at 998). But again, that is not what *Khoja* says. While the truth of an incorporated document may not be considered solely to dispute *well-pled* facts, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the Complaint. *See In re Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations."). As explained in the Motion and as made clear by viewing Exhibits 2 and 4 in their entirety, Plaintiffs not only mischaracterize many "facts" to support their conclusory allegations that Defendants falsely assured investors of 8-10% TAVR growth, but also *omit portions* of the documents that refute those allegations.

For example, regarding **Exhibit 2**, Plaintiffs claim "Q1 2024 TAVR sales grew by only 6%, which was not in line with Edwards' 2024 sales growth guidance." RJN Opp. at 2. But they omit that on the 1Q24 earnings call held on April 25, 2024, Zovighian announced that "[i]n TAVR, first quarter global sales of $1 billion *increased 8%*, year-over-year," in line with Edwards' projections—which is why Zovighian expressed that "[w]e remain confident in our full year TAVR sales growth of 8% to 10%." Ex. 2 at 3, 5. It does not matter that the 8% growth figure was "adjusted for billing days" (RJN Opp. at 2)—that was consistent with how Edwards reports TAVR sales, as it told investors. Ex. 2 at 3, 21. As another example, Plaintiffs claim Wood said he and Chopra "partner very closely . . . with transcatheter hospital centers" and thus knew that the introduction of EVOQUE would constrain TAVR growth. ¶¶ 54, 124. But that's not what Wood said; instead, he said "*Daveen*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS

*[Chopra] and I . . .* partner very closely" when "we roll out these new therapies"—and Plaintiffs plead nothing showing *this* statement was false.  Ex. 2 at 15.  And Plaintiffs omit Chopra's explanation that "we see EVOQUE being a long runway for us of growth" "because EVOQUE is so new" and "just starting"—not something that would achieve instant market penetration.  *Id*. at 9, 13.  As for **Exhibit 4**, Plaintiffs claim Defendants "knew that TAVR volumes were not growing" because "hospitals were opting to do other procedures," which is why Edwards allegedly "carried out plans for three acquisitions of companies with alternative therapies to TAVR." RJN Opp. at 3; ¶ 128.  But Plaintiffs ignore that Defendants expressed their belief that the opposite was true:  although "second quarter TAVR sales growth was slightly below our global constant currency growth rate," "we believe [the slowdown] is *temporary*."  Ex. 4 at 3, 12.  And Plaintiffs again omit Zovighian's explanation of why:  "[w]e have seen this picture in the past" and "[w]e are very good at learning. We are very good at adapting [hospitals'] workflows in the cath lab" and "we have faith the hospital[s] are going to [adapt], like they did it in the last 10 years."  *Id*. at 12.  Plaintiffs' omission of the language above mischaracterizes Defendants' statements.  *See Salas v. Ford Motor Co.*, 2025 WL 1967612, at *8 (C.D. Cal. July 14, 2025) (considering contents of documents that "ultimately undermine, rather than support, Plaintiffs' case"); *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) ("incorporated documents do not dispute facts" but show "Plaintiffs sometimes inaccurately characterize the contents of those documents").

Plaintiffs cannot state a claim, much less satisfy the PSLRA's heightened pleading standards, through allegations contradicted by the very documents they cite in the Complaint.  *See Khoja*, 899 F.3d at 1002, 1008 (courts need not accept allegations that are "merely conclusory" and contradict incorporated documents); *see also Sanchez v. Navy Fed. Credit Union*, 2023 WL 6370235, at *4 (C.D. Cal. Aug. 14, 2023) (failing to incorporate documents would "allow for misleading

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS

argumentation," in which a plaintiff "can cherry-pick" facts and "preclude" a defendant from "correcting the record in response").

### B.    The Exhibits Are Also Judicially Noticeable

Plaintiffs also do not dispute that all of the Exhibits are judicially noticeable. RJN Opp. at 1.  Therefore, even if the Court determines that Exhibits 2 and 4 are not incorporated by reference, the Court should still judicially notice them.  *See* RJN. Indeed, the Ninth Circuit has made clear that the Challenged Statements must be considered in their full context, including Defendants' public statements that are undisputably subject to judicial notice.  *See NVIDIA*, 768 F.3d at 1051, 1058 n.10 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-7 in assessing Defendants' Motion.

Dated:  August 18, 2025

**LATHAM & WATKINS LLP**

By: / Kristin N. Murphy
Kristin N. Murphy
*Kristin.Murphy@lw.com*
Michele D. Johnson
*Michele.Johnson@lw.com*
Jordan D. Cook
*Jordan.Cook@lw.com*
650 Town Center Dr., 20th Fl.
Costa Mesa, CA 92626-1925
(714) 540-1235

*Attorneys for Defendants Edwards Lifesciences Corporation, Bernard J. Zovighian, Larry L. Wood, and Scott B. Ullem*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

CASE NO. 8:24-cv-02221-AH-KES
DEFENDANTS' REPLY ISO REQ. FOR
INCORPORATION RE: MOTION TO DISMISS