LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
Jordan D. Cook (SBN 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com
Email: jordan.cook@lw.com

*Attorneys for Defendants*
*Edwards Lifesciences Corporation and*
*Bernard J. Zovighian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION and BERNARD J. ZOVIGHIAN<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**Courtroom: 7D**<br>**Judge: Hon. Anne Hwang** |

Defendants Edwards Lifesciences Corp. ("Edwards" or the "Company") and Bernard J. Zovighian ("Zovighian") (collectively, "Defendants") by and through their undersigned counsel, hereby submit this Answer and Affirmative Defenses to Lead Plaintiffs' City of Fort Lauderdale Police & Fire Retirement System ("Fort Lauderdale P&F") and Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs," and, together, "Plaintiffs") the Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint").[1] Defendants' responses and allegations herein are made upon information and belief and may change subject to further investigation. Accordingly, Defendants expressly reserve the right to amend their Answer, or seek leave to amend their Answer, to modify and/or assert all claims and defenses permitted by law. Except to the extent expressly admitted herein, Defendants deny each and every allegation in the Complaint, including any allegations contained in its headings or footnotes. For the avoidance of doubt, that Defendants have reproduced the headings included in the Complaint should not be construed as an admission of the allegations or characterizations therein. With respect to any purported document cited to or quoted in the Complaint, Defendants do not admit that the documents are accurate, relevant, or admissible in this action, and Defendants reserve all objections regarding admissibility. With respect to specific paragraphs of the Complaint, Defendants respond as follows:

## I.    <u>INTRODUCTION</u>

1. Defendants admit that Plaintiffs purport to bring a securities class action involving statements made regarding Edwards' TAVR artificial heart valves. Except as expressly admitted, Defendants deny the remaining allegations in

---

[1] On September 19, 2025, the Court dismissed all claims against Larry L. Wood, Scott B. Ullem, and Daveen Chopra, as well as Plaintiffs' claim against Zovighian under Section 20A of the Securities Exchange Act of 1934 ("Exchange Act"). Dkt. 72 at 17, 22-25.

this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

2.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

3.    With regard to the first sentence, Defendants admit that Edwards is a medical technology company that makes artificial heart valves, among other products, for patients suffering with cardiovascular diseases. Defendants admit the remaining allegations in this paragraph. Except as expressly admitted, Defendants deny Plaintiffs' characterization of the events at issue and any legal conclusions.

4.    With regard to the first sentence, Defendants admit TAVR sales and procedure volumes were impacted by the COVID pandemic, but deny or lack sufficient information to form a belief as to the remaining allegations in the sentence. With regard to the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations. With regard to the third sentence, Plaintiffs purport to quote statements made by the Company without specifying when or how they were made, but to the extent that Paragraph 4 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

5.    With regard to the second sentence, Defendants admit that Edwards projected that TAVR net sales would grow by 8%-10% year-over-year in fiscal year 2024 as compared to fiscal year 2023. Defendants further admit that they confirmed their 8-10% year-over-year projections in Q1 2024. With regard to the third and fourth sentences, Plaintiffs purport to quote statements made by "Defendants" or "Securities analysts" without specifying who made the alleged statements or when and how they were made, but to the extent that Paragraph 5

seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

6. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Dkt. 72) ("Order"), and on that basis, no response is required. To the extent a response is required, Defendants aver that this paragraph purports to characterize statements made by Defendants without specifying when and how they were made, but to the extent that Paragraph 6 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by a "former Edwards employee" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "former Edwards employees" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

9. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

10.     Defendants admit that on March 28, 2024, Edwards' stock price closed at $95.56 per share. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

11.     With regard to the second, third, and fifth sentences in this paragraph, Defendants admit that Edwards held an earnings call on July 24, 2024, the transcript of which is publicly available. To the extent that Paragraph 11 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

12.     With regard to the second sentence, Defendants admit that Edwards' stock price closed at $86.95 on July 24, 2024 and $59.70 on July 25, 2024. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

13.     With regard to the second and third sentences, Plaintiffs purport to quote statements made by "analysts" without specifying who made the alleged statements or when and how they were made. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

14.     Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

15. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

16. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

17. Defendants admit that Plaintiffs purport to bring a securities class action against Defendants. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## II. PARTIES

### 1. Plaintiffs

18. Defendants admit that Plaintiff City of Fort Lauderdale Police & Fire Retirement System ("Fort Lauderdale P&F") filed a Certification Pursuant to the Federal Securities Laws on December 13, 2024 (Dkt. 35-2) that purports to reflect records of purchases of Edwards common stock by Fort Lauderdale P&F, but Defendants lack knowledge or information sufficient to form a belief as to the veracity of those records, and on that basis deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

19. Defendants admit that Plaintiff Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") filed a Certification Pursuant to the Federal Securities Laws on December 13, 2024 (Dkt. 35-1) that purports to reflect records of purchases of Edwards common stock by Louisiana Sheriffs, but Defendants lack knowledge or information sufficient to form a belief as to the veracity of those records, and on that basis deny the allegations. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 2.    Defendants

20.    With regard to the second sentence, Defendants admit that Edwards manufactures transcatheter and surgical heart valve products, among other products, for patients suffering with cardiovascular diseases. Defendants admit the remaining allegations in this paragraph. Except as expressly admitted, Defendants deny Plaintiffs' characterization of the events at issue and any legal conclusions.

21.    With regard to the first and second sentences, Defendants admit that Zovighian was the CEO and a director of Edwards during the Class Period, and served as President of the Company prior to becoming CEO. With regard to the fourth sentence, claims based on allegations in this sentence were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants refer the Court to Zovighian's filings with the SEC for a complete and accurate description of his stock sale. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

22.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required.

23.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required.

24.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required.

25.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that the Complaint purports to refer to Zovighian, Wood, Ullem, and Chopra collectively as the "Executive Defendants" and together with Edwards, as "Defendants."

## III.   JURISDICTION AND VENUE

26.   Defendants admit that Plaintiffs purport to bring a securities class action on behalf of themselves and other investors. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

27.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that the Complaint purports to assert claims arising under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

28.   Defendants admit that this Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1331.

29.   Defendants admit that venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b), and that the Company is headquartered in this District. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

30.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## IV.   RELEVANT BACKGROUND

### 1.   Edwards' TAVR Business and the Importance of TAVR Growth

31.   With regard to the first sentence, Defendants admit that Edwards is a medical technology that makes artificial heart valves, among other products, for patients suffering with cardiovascular diseases. Defendants admit the remaining allegations in this paragraph. Except as expressly admitted, Defendants deny Plaintiffs' characterization of the events at issue and any legal conclusions.

32.    Defendants admit the allegations in this paragraph.

33.    With regard to the first and second sentences, Defendants admit that Edwards reported in its Form 10-K for the fiscal year ending December 31, 2023 that net sales from its TAVR business represented 65% of its total net sales in each fiscal year ended December 31, 2021, 2022, and 2023. With regard to Footnote 1, Defendants admit that Edwards' other major product groups include TMTT, Critical Care, and Surgical Structural Heart. With regard to the third sentence, Plaintiffs purport to quote statements made by the Defendants without specifying who made the alleged statements or when or how they were made, but to the extent that Paragraph 33 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph and footnote, including Plaintiffs' characterization of the events at issue and any legal conclusions.

34.    With regard to the second and third sentences, Defendants admit that the Company's 2023 Annual Report, which is publicly available, contains the language quoted in this paragraph. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

35.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**2.    Edwards' TAVR Products Face Sales and Capacity Competition**

36.    Defendants admit that Edwards competes with Medtronic PLC, Abbott Laboratories, and Boston Scientific Corporation for sales of TAVR. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

37.    With regard to the fourth sentence, Defendants admit that Edwards' TMTT business comprised of its PASCAL product, which launched in the US in 2022. With regard to the fifth sentence, Defendants admit that the FDA approved EVOQUE in February 2024. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by the "Former Edwards VP" and deny the allegations on that basis. Defendants deny the allegations and footnote in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

39.    With regard to the fourth sentence, Defendants admit that Edwards presented at the TD Cowen 44th Annual Health Care Conference on April 24, 2024, the transcript of which is publicly available. To the extent that Paragraph 39 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

40.    With regard to the first sentence, Defendants admit that TMTT procedures and other therapies had some impact on hospital capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by the "Former Edwards VP," and deny the allegations on that basis. Except as expressly admitted, Defendants deny the remaining allegations and footnote in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

41.    With regard to the first, second, third, fourth, and fifth sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and deny the allegations on that basis. With regard to the sixth

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "former Edwards employees" and deny the allegations on that basis. Defendants deny the remaining allegations and footnote in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 3. Edwards' TAVR Growth Stalled During The COVID-19 Pandemic Due To Hospital Capacity Constraints

42. With regard to the first sentence, Defendants admit TAVR sales and procedure volumes were impacted by the COVID pandemic, but deny or lack sufficient information to form a belief as to the remaining allegations in the sentence. With regard to the second sentence, Defendants admit that Edwards held its Annual Investor Conference on December 10, 2020. With regard to the third sentence, Defendants admit that Edwards held its Annual Investor Conference on December 8, 2021, the transcript of which is publicly available and contains the quoted language. With regard to the fourth sentence, Defendants admit that Edwards held its 4Q22 earnings call on January 31, 2023, the transcript of which is publicly available and contains the quoted language. To the extent that Paragraph 42 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 4. Defendants Benefited From The Post-COVID Boom In TAVR Growth, Including Through Lucrative Stock-Based Compensation

43. With regard to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations. With regard to the second sentence, Plaintiffs purport to quote statements made by the Company without specifying when or how they were

made. With regard to the third sentence, Defendants admit that Edwards' stock price closed at $61.71 on October 27, 2023, and $76.25 on December 29, 2023. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

44. Claims based on allegations in this paragraph with respect to dismissed defendants Ullem and Wood were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Zovighian's 2022 compensation as Corporate Vice President included stock and option awards worth $2,302,080 and a total compensation of $3,338,427. Defendants also admit Zovighian's 2023 compensation as Chief Executive Officer and Director included stock and option awards worth $10,599,764 and a total compensation of $12,869,020. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## V. OVERVIEW OF DEFENDANTS' DECEPTION OF INVESTORS

### 1. Pre-Class Period, Defendants Issued Optimistic TAVR Growth Guidance

45. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that the Company held its Annual Investor Conference on December 7, 2023, and that the materials presented during that conference are publicly available. To the extent that Paragraph 45 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding investors beliefs or feelings and deny the allegations in this paragraph on that basis. As to the second and third sentence, Defendants admit that Edwards' stock price closed at $68.26 on December 7, 2023 and $77.76 on December 14, 2023. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' beliefs or feelings and deny the allegations in this paragraph on that basis. Defendants further aver that the analyst reports referenced and quoted in this paragraph are publicly available. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

48. Defendants admit that the FDA approved EVOQUE in February of 2024. As to the remaining allegations, Defendants aver that the paragraph purports to summarize statements and events without specifying the source of the allegations, but to the extent that Paragraph 48 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**2. During The Class Period, Defendants Repeated Their TAVR Growth Guidance And Denied Concerns About Restricted Growth**

49. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. With regard to the second and third sentences, Defendants admit that Edwards held its 4Q23 earnings call on February 6, 2024, the transcript of which is publicly available. To the extent

that Paragraph 49 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' beliefs or feelings and deny the allegations in this paragraph on that basis. Defendants further aver that the analyst reports referenced and quoted in this paragraph are publicly available. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

51.    With regard to the first sentence, Defendants admit that on April 25, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available and stated that the "company remains confident in TAVR sales growth of 8 to 10% on a constant currency basis." Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

52.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 1Q24 earnings call on April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 52 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

53.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 1Q24 earnings call on

April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 53 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

54.     Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 1Q24 earnings call on April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 54 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' beliefs or feelings and deny the allegations in this paragraph on that basis. Defendants further aver that the analyst reports referenced and quoted in this paragraph are publicly available. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

56.     Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards participated in the Jefferies 2024 Global Healthcare conference on June 5, 2024, the transcript of which is publicly available, but to the extent that Paragraph 56 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**3. Former Edwards Employees Reported That, Contrary To Defendants' Representations, Defendants Were Aware That Their TAVR Growth Projections Would Not Be Achieved, Including Due To Hospital Capacity Constraints**

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by the "former Edwards employees" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

58. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-1" and deny the allegations on that basis. Defendants deny remaining the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-1" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-1" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-1"

and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-1" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-1" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-2" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

66. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-2" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-2" and deny the allegations on that basis. Defendants deny the remaining allegations

in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-2" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-3" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-3" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-3" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-4" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-4" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

74. Defendants incorporate their answer to the allegations in ¶ 38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Former Edwards VP" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Former Edwards VP" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Former Edwards VP" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Former Edwards VP" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Former

Edwards VP" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Former Edwards VP" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-5" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-5" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-5" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

83. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-5" and deny the allegations on that basis. Defendants deny the remaining

allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

84. With regard to the first sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by the "former Edwards employees" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**4.** **Armed With Inside Knowledge Of Slowed Growth, Defendant Zovighian (CEO) Engaged In Suspicious Insider Trading**

85. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

86. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants refer the Court to Zovighian's filings with the SEC for a complete and accurate description of his stock sale. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**5.** **Further Confirming Their Knowledge, Defendants Planned Strategic Acquisitions To Compensate For Slowed TAVR Growth**

87. With regard to the second sentence, Defendants admit that Edwards acquired JenaValve Technology, Inc. ("JenaValve"), Endotronix, Inc. ("Endotronix"), and Innovalve Bio Medical Ltd. ("Innovalve"). Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by

"[f]ormer Edwards employees" and "FE-4" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

89.     Plaintiffs purport to quote statements made by Zovighian without specifying how, where, or when they were made, but to the extent that Paragraph 89 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

90.     Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

**6.     The Truth Is Revealed: Defendants Stunned Investors With Slowed TAVR Growth And Slashed Edwards' TAVR Guidance**

91.     With regard to the first and fourth sentences, Defendants admit that on July 24, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available, but to the extent that Paragraph 91 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

92.     Defendants admit that Edwards held its 2Q24 earnings call on July 24, 2024, the transcript of which is publicly available, but to the extent that Paragraph 92 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

93.     Defendants admit that Edwards held its 2Q24 earnings call on July 24, 2024, the transcript of which is publicly available, but to the extent that Paragraph

93 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

94. Defendants admit that Edwards held its 2Q24 earnings call on July 24, 2024, the transcript of which is publicly available, but to the extent that Paragraph 94 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

95. With regard to the first sentence, Defendants admit that on July 24, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available and includes the announcement of Edwards' acquisitions of JenaValve and Endotronix. With regard to the second sentence, Defendants admit that Edwards held its 2Q24 earnings call on July 24, 2024, the transcript of which is publicly available, but to the extent that Paragraph 95 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

96. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' beliefs or feelings and deny the allegations in this paragraph on that basis. Defendants further aver that the analyst reports referenced and quoted in this paragraph are publicly available. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "Market

Rebellion hosts Jon and Pete Najarian" and deny the allegations on that basis. Defendants deny the remaining allegations and footnote in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

98.   With regard to the second sentence, Plaintiffs purport to quote statements made by an "analyst" without specifying who made the alleged statements or when or how they were made. Defendants thus lack information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis. Except as expressly admitted, Defendants deny the remaining allegations and footnote in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

99.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding investors beliefs or feelings and deny the allegations in this paragraph on that basis. Regarding the second and third sentences, Defendants admit that Edwards' stock price closed at $86.95 per share on July 24, 2024, and $59.70 on July 25, 2024. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## VI.   POST-CLASS PERIOD DEVELOPMENTS

100.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 3Q24 earnings call on October 24, 2024, the transcript of which is publicly available, but to the extent that Paragraph 100 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

101.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its Annual Investor Conference on December 4, 2024, the transcript of which is publicly available, but to the extent that Paragraph 101 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

102.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its Annual Investor Conference on December 4, 2024, the transcript of which is publicly available, but to the extent that Paragraph 102 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

103.   With regard to the first and second sentences, Defendants admit that on February 11, 2025, Edwards issued a Current Report on Form 8-K, which is publicly available and announced 4Q24 and FY24 financial results. With regard to the third sentence, Defendants admit that on February 11, 2025, Edwards issued its FY24 Form 10-K. To the extent that Paragraph 103 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

# VII. DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD

104. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## 1. Defendants' Material Misstatements And Omissions Concerning TAVR Growth

105. Defendants admit that Edwards projected that TAVR net sales would grow by 8%-10% year-over-year in fiscal year 2024 as compared to fiscal year 2023. Defendants further admit that they confirmed their 8-10% year-over-year projections in Q1 2024. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### (a) Defendants' Growth Misstatements Published On Edwards' Website Throughout The Class Period

106. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that the Company held its Annual Investor Conference on December 7, 2023, and that the materials presented during that conference are publicly available, but to the extent that Paragraph 106 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

107. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required.

### (b) February 6, 2024 Growth Misstatements

108. Defendants admit that on February 6, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available, but to the extent that Paragraph

108 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

109.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 4Q23 earnings call on February 6, 2024, the transcript of which is publicly available, but to the extent that Paragraph 109 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

110.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### (c)    April 25, 2024 Growth Misstatements

111.    Defendants admit that on April 25, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available, but to the extent that Paragraph 111 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

112.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 1Q24 earnings call on April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 112 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly

admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

113.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### (d)   June 5, 2024 Growth Misstatements

114.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. To the extent that Paragraph 114 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves.

115.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

### 2.   Defendants' Material Misstatements And Omissions Concerning Capacity Constraints Restricting TAVR Growth

116.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

117.   Defendants incorporate their answers to the allegations in ¶¶45, 106. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that the Company held its Annual Investor Conference on December 7, 2023, and that the materials presented during that conference are publicly available. To the extent that Paragraph 117 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

118. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. To the extent that Paragraph 118 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves.

119. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 1Q24 earnings call on April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 119 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

120. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. To the extent that Paragraph 120 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves.

## VIII. ADDITIONAL ALLEGATIONS OF SCIENTER

121. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

122. With regard to the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "former Edwards employees" and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

123. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its Annual Investor Conference on December 7, 2023, the transcript of which is publicly available, but to the extent that Paragraph 123 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. With regard to the fifth and sixth sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements purportedly made by "FE-5" and deny the allegations on that basis. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

124. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Edwards held its 1Q24 earnings call on April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 124 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

125. Defendants incorporate their answers to the allegations in ¶¶53-54 and ¶119. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Plaintiffs purport to summarize statements made by Defendants without specifying who made the alleged statements or when and how they were made. Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis. Defendants further aver that the public statements referenced in this paragraph are publicly available.  xcept as

expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

126. Defendants incorporate their answer to the allegations in ¶42. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, with regard to the first sentence, Defendants admit TAVR sales and procedure volumes were impacted by the COVID pandemic but deny or lack sufficient information to form a belief as to the remaining allegations in the sentence. As to the second sentence, Plaintiffs purport to summarize statements made by Defendants without specifying who made the alleged statements or when and how they were made. To the extent that Paragraph 126 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

127. With regard to the second and third sentences, Defendants admit that Edwards reported in its Form 10-K for the fiscal year ended December 31, 2023 that net sales from its TAVR business represented 65% of its total net sales in each fiscal year ended December 31, 2021, 2022, and 2023. With regard to the fourth sentence, Defendants admit that Edwards held its 1Q24 earnings call on April 25, 2024, the transcript of which is publicly available, but to the extent that Paragraph 127 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

128. With regard to the second sentence, Defendants admit that on July 15, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available

and includes the announcement of Edwards' acquisition of Innovalve. With regard to the third sentence, Defendants admit that on July 24, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available and includes the announcement of Edwards' acquisitions of JenaValve and Endotronix. With regard to the sixth sentence, Plaintiffs purport to quote statements made by Zovighian without specifying when or how they were made. Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the allegations on that basis. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

129.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, with regard to the second, third, and fourth sentences, Defendants refer the Court to Zovighian's filings with the SEC for a complete and accurate description of his stock sales. To the extent that Paragraph 129 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

130.   Defendants aver that the paragraph purports to summarize statements and events without specifying the source of the allegations, but to the extent that Paragraph 130 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## IX.   LOSS CAUSATION

131.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

132. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

133. Defendants admit that on July 24, 2024, Edwards issued a Current Report on Form 8-K, which is publicly available, but to the extent that Paragraph 133 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

134. Defendants admit the allegations in the first sentence. Defendants otherwise deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' beliefs or feelings and deny the allegations in this paragraph on that basis. Defendants further aver that the analyst reports referenced and quoted in this paragraph are publicly available, but to the extent that Paragraph 135 seeks to summarize the contents of Defendants' public statements or filings, such public documents speak for themselves. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding analysts' beliefs or feelings and deny the allegations in this paragraph on that basis. Defendants further aver that the analyst report referenced and quoted in this paragraph is publicly available. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

137. Defendants admit that Edwards' stock price closed at $86.95 per share on July 24, 2024, and $59.70 on July 25, 2024. Defendants otherwise deny the

allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

138.    With regard to the third sentence, Defendants admit that Edwards' stock price closed at $95.56 per share on March 28, 2024. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

139.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

140.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

141.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## X.    PRESUMPTION OF RELIANCE

142.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

143.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

144.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

## XI.   INAPPLICABILITY OF THE STATUTORY SAFE HARBOR AND BESPEAKS CAUTION DOCTRINE

145.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

146.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

147.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## XII.   CLASS ACTION ALLEGATIONS

148.   With regard to the first sentence, Defendants admit that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who purchased Edwards' common stock from February 6, 2024 through July 24, 2024. Defendants further admit that any putative class would exclude Defendants and their immediate families, the officers and directors of the Company during the Class Period, members of their immediate families, and Defendants' legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Defendants deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

149.   With regard to the first, fourth, fifth, and sixth sentences, Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph and deny the allegations on that basis. With regard to the second sentence, Defendants admit that Edwards' common stock was traded on the NYSE. With regard to the third sentence, Defendants admit that on March 26, 2024, Edwards filed a Proxy Statement, which is publicly available and contains the quoted language in this paragraph. Except as expressly admitted, Defendants deny

the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

150.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

151.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' ability to fairly and adequately protect the interests of the class, Plaintiffs' retention of counsel, and Plaintiffs' lack of conflicts of interest with the class and deny the allegations in this paragraph on that basis. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

152.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

153.   Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

## XIII.   CLAIMS FOR RELIEF UNDER THE EXCHANGE ACT

### COUNT I

**For Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5(a), (b), and (c) Promulgated Thereunder (Against All Defendants)**

154.   To the extent a response is required, Defendants restate and incorporate their answers to every foregoing paragraph of the Complaint.

155.    Defendants admit that Plaintiffs purport to assert Count I against Defendants under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

156.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

157.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

158.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

159.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

160.    Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

161.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

162.    Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

163.    With regard to the first sentence in this paragraph, Defendants aver that the phrase "active and efficient market" is vague and ambiguous and deny the allegations on that basis. Defendants deny the remaining allegations in this

paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

164. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

165. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act

### (Against The Executive Defendants)

166. To the extent a response is required, Defendants restate and incorporate their answers to every foregoing paragraph of the Complaint.

167. With regard to the first sentence, Defendants aver that the phrase, "participated in the operation and management of the Company" and "Company's business affairs" is vague and ambiguous and deny the allegations on that basis. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

168. Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

169. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

170. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including

Plaintiffs' characterization of the events at issue and any legal conclusions. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

171.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## COUNT III

### For Violations of Section 20A of the Exchange Act

### (Against Defendant Zovighian)

172.   To the extent a response is required, Defendants restate and incorporate their answers to every foregoing paragraph of the Complaint.

173.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

174.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants admit that Section 20A of the Exchange Act contains the language quoted in this paragraph. Except as expressly admitted, Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

175.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

176.   Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a

response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

177. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

178. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

179. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

180. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

181. Claims based on allegations in this paragraph were dismissed pursuant to the Court's Order, and on that basis, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations. Defendants deny the remaining allegations in this paragraph, including Plaintiffs' characterization of the events at issue and any legal conclusions.

## XIV. <u>PRAYER FOR RELIEF</u>

To the extent a response is required, Defendants deny each and every allegation contained therein. Defendants further deny that the prerequisites to a class action have been met or that the Complaint is maintainable as a class action.

## XV.  JURY DEMAND

182.  Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury on all issues so triable.

## XVI. AFFIRMATIVE DEFENSES

For their further and separate affirmative defenses to the Complaint, Defendants aver the following. None of these affirmative defenses operates to shift the burden of proof on any of Plaintiffs' claims, or any element of those claims. Defendants reserve the right to plead any and all additional affirmative defenses that may in the future become available to them as a result of the discovery of additional facts.

### 1.    First Affirmative Defense – Good Faith

Defendants at all times acted in good faith, with reasonable care, and did not directly or indirectly induce any acts constituting the alleged violations and causes of action. See, e.g., 15 U.S.C. § 78t.

### 2.    Second Affirmative Defense – Safe Harbor

Plaintiffs' claims are not actionable to the extent the alleged untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Defendants fall within one or both of the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as codified at 15 U.S.C. § 77z-2(c), and/or the "bespeaks caution" doctrine.

### 3.    Third Affirmative Defense – Prior Knowledge

At the time of their acquisition of Edwards' stock, Plaintiffs and members of the purported class had actual or constructive knowledge of the allegedly untrue statements, of all or some of the alleged omissions and misstatements, or other wrongful conduct upon which Defendants' purported liability rests.

**4.      Fourth Affirmative Defense – Improper Class Action**

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

**5.      Fifth Affirmative Defense – Assumption of Risk**

Plaintiffs and the members of the purported class knew or should have known the risks associated with Edwards' business, and in failing to consider these risks, Plaintiffs and each purported class member assumed the risk that he, she, or it might be damaged by acquiring Edwards' stock.

**6.      Sixth Affirmative Defense – Lack of Reliance**

Plaintiffs and members of the purported Class did not rely on, and would have acquired Edwards' common stock even if they had known of, the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which the Defendants' purported liability rests.

**7.      Seventh Affirmative Defense – Lack of Standing**

Plaintiffs' and members of the purported Class's claims against the Defendants are barred, in whole or in part, because Plaintiffs and members of the purported Class lack standing to assert their claims against Defendants

**8.      Eighth Affirmative Defense – Contribution and Indemnity**

Under the principles of contribution and indemnity, persons or entities other than Defendants are wholly or partially responsible for the purported damages, if any, that Plaintiffs and members of the purported Class may have sustained.

**9.      Ninth Affirmative Defense – Depreciation of Value Attributable to Other Causes**

Under any theory of liability, Plaintiffs and members of the purported Class may not recover damages based on depreciation in the value of Edwards' securities that resulted from factors other than the alleged material devices, schemes, or

artifices to defraud, misstatements or omissions, acts, practices, or courses of business, which are cited in the Complaint.

### 10.     Tenth Affirmative Defense – Good Faith Reliance

The claims alleged in the Complaint are barred, in whole or in part, because Defendants reasonably relied in good faith on the professional judgments, opinions, and advice of legal, finance, and other professionals, and had no reasonable grounds to believe and did not believe that any statements made by them were materially false or misleading.

### 11.     Eleventh Affirmative Defense – Failure to Mitigate

The claims alleged in the Complaint are barred, in whole or in part, because Plaintiffs and members of the purported Class failed to act reasonably to mitigate their damages, if any.

### 12.     Twelfth Affirmative Defense – No Knowing Violation

The claims alleged in the Complaint are barred, in whole or in part, because pursuant to Section 21D(f) of the Securities Exchange Act of 1934, Defendants are covered persons who did not knowingly commit a violation of the securities laws.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery in the course of this action.

### PRAYER FOR RELIEF

Defendants pray for the following:

1.     That judgment be entered in favor of Defendants;

2.     That Plaintiffs and the putative class take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3.     For costs, attorneys' fees, expert witness fees, and Court hearing costs incurred herein; and

4.     For such other and further relief as this Court deems just and proper.

Dated:  October 21, 2025

**LATHAM & WATKINS LLP**

By: / Kristin N. Murphy
    Kristin N. Murphy
    *Kristin.Murphy@lw.com*
    Michele D. Johnson
    *Michele.Johnson@lw.com*
    Jordan D. Cook
    *Jordan.Cook@lw.com*
    650 Town Center Dr., 20th Fl.
    Costa Mesa, CA 92626-1925
    (714) 540-1235

*Attorneys for Defendants Edwards Lifesciences Corporation and Bernard J. Zovighian*