UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, et al.<br><br>　　　　Defendant(s). | Case No. 8:24−cv−02221−AH−KES<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>**Date:**　　　　**January 15, 2026**<br>**Time:**　　　　**09:00 AM**<br>**Courtroom:**　　**9C** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This matter is set for a Scheduling Conference on the above date in Courtroom 9C of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012.

A.　**PRELIMINARY MATTERS**

　　**1.**　**Service of Pleadings.** If Plaintiff has not already served the operative complaint on all Defendants, Plaintiff shall do so promptly and shall file proofs of service of the summons and complaint within three (3) days thereafter. *See* Fed. R. Civ. P. 4. Defendants also shall timely serve and file their responsive pleadings (if not previously done) and comply the requirements of Local Rule 5-3.2. At the

1.

Scheduling Conference, the Court will dismiss all remaining fictitiously named Defendants. The Court will also set a date by which motions to amend the pleadings or add parties must be heard.

      **2.** **Order Applies to Pro Se Litigants.** "Counsel," as used in this Order, includes parties who have elected to appear without counsel and are representing themselves in this litigation (hereinafter referred to as "pro se litigants"). Pro se litigants must comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California. *See* Local Rules 1-3, 83-2.2.3. Pro se litigants are required to participate in the Scheduling Conference.

      **3.** **Notice to be Provided by Counsel**. The plaintiff's counsel or, if the plaintiff is appearing pro se, defense counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order. This and all other applicable orders in this case are available at the bottom of Judge Hwang's webpage (http://www.cacd.uscourts.gov/honorable–anne–hwang). The Local Rules are available on the Central District of California website https://www.cacd.uscourts.gov/court-procedures/local-rules).

      **4.** **Compliance with Fed. R. Civ. P. 26.** The Scheduling Conference will be held pursuant to Fed. R. Civ. P. Rule 16(b). The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least twenty-one (21) days before the Scheduling Conference (Fed. R. Civ. P. 26(f)). The Court encourages counsel to agree to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery. At the Scheduling Conference, the Court will impose strict deadlines to complete discovery.

**B.** **PARTIES MUST PREPARE AND FILE A JOINT RULE 26(f) REPORT**

      The Joint Rule 26(f) Report must be filed not later than fourteen (14) days

before the Scheduling Conference. A Mandatory Chambers Copy of the Joint Rule 26(f) Report must be delivered to Judge Hwang's box outside of the Clerk's Office on the fourth floor of the First Street Courthouse by 12:00 p.m. the day after the Joint Rule 26(f) Report is filed.

The Report shall be drafted by plaintiff unless plaintiff is a pro se litigant or the parties agree otherwise but shall be submitted and signed jointly. "Jointly" means a single report, regardless of how many separately represented parties exist in the case.

The Joint Rule 26(f) Report shall specify the date of the Mandatory Scheduling Conference on the caption page. Under the title, it shall list the dates of the (1) Original Complaint; (2) Removal (if removed); (3) Responsive Pleading; (4) and Trial (proposed). The Joint Rule 26(f) Report shall address the matters set forth in Fed. R. Civ. P. 26(f) and Local Rule 26, some of which are enumerated below, and shall also contain the following:

1. **Statement of the Case.**  A short synopsis (not to exceed two (2) pages) of the claims, counterclaims, affirmative defenses, and procedural history.

2. **Subject-Matter Jurisdiction.**  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. For federal question jurisdiction, cite the federal law under which the claim arises. For diversity jurisdiction, state each party's citizenship and the amount in controversy. State whether the parties agree that federal jurisdiction exists and identify the basis for any disagreements.

3. **Legal Issues.**  A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary motions.

4. **Parties, Evidence, etc.**  A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

5. **Damages.**  The realistic range of provable damages.

     **6.** **Insurance.** Whether there is insurance coverage, the extent of coverage, and whether there is or will be a reservation of rights.

     **7.** **Motions.**

          **a.** **Procedural Motions.** A statement of the likelihood of motions to add other parties or claims, file amended pleadings, transfer venue, challenge the Court's jurisdiction, etc.

          **b.** **Dispositive Motions.** A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgment.

     **8.** **Manual for Complex Litigation.** Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

     **9.** **Discovery.**

          **(a)** **Status of Discovery.** A discussion of the present state of discovery, including a summary of completed discovery, and any current or anticipated disputes.

          **(b)** **Discovery Plan.** A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State what, if any, changes in the disclosures under Fed. R. Civ. P. 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description is not acceptable.

          **(c)** **Discovery Cutoff.** A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions.

          **(d)** **Expert Discovery.** Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cutoff under Fed. R. Civ. P. 26(a)(2).

**10. Settlement Conference/Alternative Dispute Resolution ("ADR").** A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed. The parties must state their preference for mediation before: (i) the Magistrate Judge, (ii) the Court Mediation Panel, or (iii) a private mediator (at the parties' expense). The Court will exercise its discretion to select an ADR option for the parties if they fail to state a preference. No case will proceed to trial unless all parties, including an officer of all corporate parties (with full authority to settle the case), have appeared personally and participated in an ADR proceeding.

**11. Trial.**

**(a) Trial Estimate.** Provide a realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by Court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four (4) court days, counsel shall be prepared to discuss in detail the basis for the estimate.

**(b) Consent to Trial Before a Magistrate Judge.** Whether the parties agree to try the case (either by jury or court trial) before a Magistrate Judge. *See* 28 U.S.C. § 636 (requiring party consent). The parties are strongly encouraged to consider consenting to trial before a Magistrate Judge. The parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case.

**(c) Lead Trial Counsel.** List the name of the attorney who will serve as lead trial counsel, as well as other attorneys who will participate in the trial. Only one (1) attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court. If a second lead trial counsel is permitted by the Court, both counsel must attend the Pretrial Conference.

**12. Independent Expert or Master.** State whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent expert. The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.

**13. Schedule Worksheet.** The parties must make every effort to agree on all pretrial and trial dates. The parties must submit a completed copy of the attached Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") with their Joint Rule 26(f) Report. The entries in the "Time Computation" column reflect what the Court believes is appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the Final Pretrial Conference. However, the parties may propose earlier dates by which the key requirements must be completed. Each date should be stated as month, day, and year (e.g., 2/10/2022). Hearings shall be on Wednesdays, beginning at 1:30 p.m. Other deadlines not involving the Court may be scheduled any day of the week. The parties must avoid holidays. The Court may order different dates than those required. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted. If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate stipulation and proposed order. Additional hearings are often appropriate for class actions, patent cases, and cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). If the parties agree on a date, the agreed-upon date should be put in the plaintiff's column while

the defendant's column should be marked "Agree." If the parties disagree on a date, each party should put their proposed date in their respective column.

**14.     Other Issues.** A statement of any other issues affecting case management, including unusually complex technical issues, related litigations, disputes over protective orders, extraordinarily voluminous document production, discovery in foreign jurisdictions, and any proposals concerning severance, bifurcation, or other ordering of proof.

**C.     SCHEDULING CONFERENCE**

**1.     Continuance.** A request to continue the Scheduling Conference will be granted only for good cause. The parties should refer to the Court's Standing Order for additional guidance regarding requests for continuance. The parties should plan to file the Joint Rule 26(f) report on the original due date even if a continuance of the Scheduling Conference is granted.

**2.     Participation.** Lead trial counsel must attend the Scheduling Conference, unless excused by the Court for good cause. Remote appearances are not permitted except for good cause shown. Instructions for remote appearances can be found on Judge Hwang's webpage.

**3.     Vacating Scheduling Conference.** The Court may vacate the Scheduling Conference and issue the Scheduling Order based solely on the parties' Joint Rule 26(f) Report pursuant to Fed. R. Civ. P. 16(b).

**4.     Failure to Submit a Timely Joint Rule 26(f) Report.** The failure to timely submit a Joint Rule 26(f) Report or to attend the Scheduling Conference may result in dismissal of the action, striking of the answer and entry default, and/or imposition of sanctions.

**D.     COUNSEL MUST DELIVER ORDER TO CLIENTS.**

Counsel are ordered to deliver to their clients a copy of this Order, which will contain the schedule that the Court sets at the Scheduling Conference.

Dated:  October 22, 2025

_____
HON. ANNE HWANG
UNITED STATES DISTRICT JUDGE

8.

# DISTRICT JUDGE ANNE HWANG
# SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

**Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report. The parties must make every effort to agree on dates or the court will set them.**

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one: ☐ Jury Trial  or  ☐ Bench Trial [Tuesday at 8:30 a.m.] Estimated Duration: _____ Days | | | |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine* [Wednesday at least 20 days trial] | | | |
| **Event[1]** Note: Hearings shall be on Wednesdays at 1:30 p.m.[2] Other dates can be any day of the week | **Time Computation[3]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Wednesday] | 6 weeks after scheduling conference | | |
| Fact Discovery Cutoff (no later than deadline for filing dispositive motion) | 18 weeks before FPTC | | |
| Expert Disclosure (Initial) | 16 weeks before FPTC | | |
| Expert Disclosure (Rebuttal) | 14 weeks before FPTC | | |
| Expert Discovery Cutoff | 13 weeks before FPTC[4] | | |
| Last Date to Hear Motions [Wednesday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Hwang's website | 12 weeks before FPTC | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>                 ☐ 2. Court Mediation Panel<br>                 ☐ 3. Private Mediation | 5 weeks before FPTC | *Select deadline and settlement method.* | *Select deadline and settlement method.* |
| Trial Filings (first round)<br>• Motions *in Limine*<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Joint Witness Lists<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• Requests for judicial notice | 4 weeks before FPTC | | |
| Trial Filings (second round)<br>• Oppositions to Motions *in Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>• Challenged Exhibits Table<br>• Deposition desginations as to which the parties have any dispute or objection | 2 weeks before FPTC | | |
| Other Dates (e.g. class cert motion cutoff, early mediation, etc.) | | | |

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2] By default, all hearings shall proceed in person, unless a request is made by the parties and granted by the Court.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.