**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Lead Plaintiffs*
*Louisiana Sheriffs' Pension & Relief Fund and*
*City of Fort Lauderdale Police & Firefighters'*
*Retirement System*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN.<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**Discovery Document: Referred to Magistrate Judge Karen E. Scott**<br><br>**PLAINTIFFS' LETTER BRIEF RE: APRIL 1, 2026 INFORMAL TELEPHONIC CONFERENCE**<br><br>Date: April 1, 2026<br>Time: 9:30 a.m.<br>Judge: Hon. Karen E. Scott |

PLAINTIFFS' LETTER BRIEF RE INFORMAL TELEPHONIC CONFERENCE
CASE NO. 8:24-CV-02221-AH-KES

Hon. Karen E. Scott
United States Magistrate Judge,
U.S. District Court, Central District of California

Dear Judge Scott:

Plaintiffs respectfully submit this letter brief in support of their motion to compel Defendants to produce documents for the period from January 1 to November 30, 2023 (the "Disputed Period").[1]

This securities class action arises from Defendants' misleading statements to investors about the growth prospects of Edwards Lifesciences Corporation's ("Edwards" or the "Company") flagship product, Transcatheter Aortic Valve Replacement ("TAVR") heart valves. Plaintiffs' Complaint (ECF No. 52) alleges that Defendants repeatedly told investors to expect 8-10% growth in TAVR sales for 2024 while they dismissed concerns that hospital capacity constraints presented a challenge to that growth. In truth, Defendants knew that TAVR growth had slowed and that limited hospital capacity to perform TAVR procedures was a challenge to their projected growth.

Defendants developed the allegedly misleading 8-10% growth projections in 2023. Defendants also learned facts in early 2023 that undermined or were contrary to their growth projections, which the Court expressly relied on in sustaining Plaintiffs' Complaint in its motion to dismiss opinion (the "Opinion"). ECF No. 72. Despite this reality, Defendants refuse to produce documents from prior to December 1, 2023, cutting off many months of relevant documents. They should be required to produce responsive documents dating from the Disputed Period.

## I.      RELEVANT BACKGROUND

## A.      <u>The Parties Met and Conferred Extensively Regarding This Dispute</u>

The Parties engaged in an extensive meet and confer process regarding this dispute. To begin, Plaintiffs' First Set of Requests for Production (the "RFPs") sought the production of responsive documents for the period from January 1, 2023 to February 28, 2025 (the "Relevant Time Period"). **Ex. 1**.[2] In their responses (the "RFP Responses"), Defendants objected to the Relevant Time Period and sought to limit their production to December 1, 2023 through August 31, 2024. **Ex. 2**.

Plaintiffs accepted Defendants' proposed end-date of August 31, 2024. However, Plaintiffs explained that documents dating from Disputed Period are highly relevant, including because the Complaint includes multiple allegations about events in early 2023. *E.g.*, ECF No. 52 ¶¶62-66, 80-83. Moreover, as Plaintiffs also explained, the Court expressly relied on facts dating from within the Disputed Period in sustaining Plaintiffs' claims. ECF No. 72 at 16-17 and n.7. Plaintiffs further

---

[1] The parties also had a ripe dispute over whether Defendants would produce documents from the custodial files of Donald Bobo, Corporate V.P., Strategy and Corporate Development at Edwards. After Plaintiffs filed the Notice (ECF No. 88), Defendants agreed to produce Mr. Bobo's responsive documents. Accordingly, the Court need not address that dispute.

[2] Cites to "Ex." refer to the Exhibits hereto and cites to "¶_" refer to paragraphs in the Complaint.

explained that they are entitled to discovery regarding the formation of the Company's 2024 sales guidance, which took place in 2023. **Ex. 3** at 1. Defendants' position was that documents dating from the Disputed Period are irrelevant. Later, Defendants agreed to produce the "2024 strategic planning documents" dating from 2023—conceding the relevance of 2023 documents—but maintained their refusal to provide full productions from the Disputed Period. **Ex. 4** at 3.

The parties agreed that they are at an impasse and agreed to proceed by way of the Court's informal discovery conference procedures.

## II.     ARGUMENT

Plaintiffs respectfully submit that the Court's Opinion and the Complaint's allegations establish that documents from the Disputed Period are relevant and should be produced. Defendants, as "the part[ies] resisting discovery bear[] the burden of showing why discovery should not be allowed." *United States ex rel. Poehling v. UnitedHealth Grp., Inc.*, 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018). Defendants have not met their burden here.

**First**, in its Opinion, the Court expressly credited factual allegations dating from 2023 in sustaining Plaintiffs' securities claims, including regarding Defendant Zovighian's knowledge and scienter. For example, the Court explained, citing allegations based on former Edwards employee FE-5's report, that "***in the Spring of 2023***, a company-wide townhall took place where the decline in TAVR rates was discussed, and that she also raised the issue of the decline in TAVR rates with an individual who she understood discussed it with Defendant Zovighian." Opinion at 16. The Court also explained, quoting allegations based on information supplied by FE-1, that "Edwards executives knew there were problems with TAVR growth ***as early as 2023***." *Id.*

Thus, by refusing to produce documents for the Disputed Period, Defendants want to withhold contemporaneous documents concerning the very facts that the Court relied on—and found to be relevant—in its Opinion sustaining the Complaint. This would deprive Plaintiffs, as well as the Court, of documents concerning the "misleadingly omitted facts [that Defendants allegedly] knew regarding stalled TAVR growth and the negative impact of hospital capacity constraints." Opinion at 18 (quoting Plaintiffs' motion to dismiss opposition brief at 18).

**Second**, other allegations in the Complaint further confirm the direct relevance of 2023 documents. For example, in addition to the reports from FE-1 and FE-5 (discussed above), the Complaint includes allegations based on information supplied by FE-3, who reported documenting a 20-40% decrease in TAVR volumes between Q4 2023 and Q1 2024. ¶70. This allegation underscores that documents dating from prior to December 1, 2023 are relevant and that Defendants' proposed limitation is insufficient. Even if Defendants agreed to produce documents from Q4 2023 (which Defense counsel vaguely suggested as a possibility during the meet and confer process), that would still be insufficient. As explained above, events much earlier in 2023 are indisputably relevant and expressly relied on by the Court in sustaining Plaintiff's claims.

**Third**, courts in this Circuit routinely hold that pre-class period documents are discoverable. *E.g.*, *In re Dockers Roundtrip Airfare Promotion Sales Pracs. Litig.*, 2010 WL 11515318, at *5 (C.D. Cal. Aug. 1, 2010) ("In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context."). Indeed, Courts have compelled discovery predating the start of a relevant period for time ranges the same length as— and even years longer than—the Disputed Period at issue here. *E.g.*, *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 628 (N.D. Cal. 2013) (compelling discovery from four years pre-class

2

period); *Karinski v. Stamps.com, Inc.*, 2020 WL 5084093, at *2 (C.D. Cal. July 21, 2020) (compelling discovery from 15 months pre-class period).

In securities fraud cases in particular, courts permit discovery extending before the class period to demonstrate falsity and scienter. *E.g.*, *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716, at *4 (C.D. Cal. Mar. 12, 2012) ("common sense dictates that facts relevant to scienter will ordinarily date from before any alleged misrepresentations because the circumstances preceding the statements would be among those knowable at the time of the statements.") (internal citations omitted). This discovery is especially appropriate where, as here: (i) the Complaint specifically alleges that Defendants had material knowledge before the Class Period (February 6, 2024, to July 24, 2024), and (ii) Defendants' statements were based at least in part on pre-class period analyses and data. *Id.* at *5.

Indeed, documents concerning the assumptions, inputs, and calculations that went into Edwards' 8-10% TAVR sales guidance for 2024, and communications about them, all were created in 2023. Defendants conceded this reality by agreeing to produce the "strategic planning documents" dating from 2023. But Defendants still intend to withhold the information and data that went into the creation of those documents, including, for example, (i) TAVR procedure volume data from throughout 2023; (ii) analysis of hospital capacity constraints and trends in 2023; (iii) assessments of competitive dynamics in the TAVR market in 2023; and (iv) documents and communications from 2023 concerning Edwards' strategic planning for 2024. Analyzing this material and assessing how (if at all) it factored into Edwards' projections of 2024 TAVR sales growth will have direct bearing on whether Defendants knowingly omitted material information.

**Fourth**, during the meet and confer process, Defendants asserted that documents concerning the creation of the December 7, 2023 8-10% TAVR growth guidance are irrelevant because that specific statement itself was not alleged as an actionable misstatement. This argument fails because the Court sustained Class Period false statements that explicitly reiterated that guidance. *E.g.*, ¶108 ("Defendants specifically assured investors that they were '***confident in the sales guidance [they] provided at the December 2023 investor conference for all product groups***,' which included Defendants' projection of 8%-10% growth for Edwards' TAVR segment in 2024."); ¶111 ("Defendants also stated that they '***remain[ed] confident in TAVR sales growth of 8 to 10% on a constant currency basis***'. . . ."); ¶112 ("***We remain confident in our full year TAVR sales growth of 8% to 10%***."). Thus, the basis for Defendants' TAVR growth guidance is directly at issue, as are communications about that guidance. Moreover, documents concerning what Defendants knew about TAVR sales when they created the guidance in 2023 have direct bearing on falsity, knowledge, and scienter. Indeed, it is this information that was allegedly omitted by Defendants, as the Court recognized in sustaining the Complaint. Opinion at 18.

**Fifth**, given the relevance of documents dating from the Disputed Period, "it is not disproportionate to require their production." *Markson v. CRST Int'l, Inc.*, 2021 WL 4027499, at *10 (C.D. Cal. May 14, 2021). During the meet and confer process, Defendants did not provide hit reports or metrics regarding the Disputed Period to support a claim of undue burden. Thus, Defendants' boilerplate and unsupported objection to the Relevant Time Period in their RFP Responses is improper and should not be credited. *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("[S]uch unexplained and unsupported boilerplate objections are improper.").

Plaintiffs respectfully request that Defendants be required to search for and produce responsive documents for the period from January 1 to November 30, 2023.

Dated: March 31, 2026

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

/s/ *Jeremy P. Robinson*
Salvatore J. Graziano (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Timothy G. Fleming (*pro hac vice*)
Thomas Z. Sperber (*pro hac vice*)
Rebecca S. Temkin (*pro hac vice*)
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
jeremy@blbglaw.com
salvatore@blbglaw.com
timothy.fleming@blbglaw.com
thomas.sperber@blbglaw.com
rebecca.temkin@blbglaw.com

-and-

Jonathan D. Uslaner (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Lead Plaintiffs, the Louisiana Sheriffs' Pension & Relief Fund and the City of Fort Lauderdale Police & Firefighters Retirement System*

4