# EXHIBIT 1

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Lead Plaintiffs*
*Louisiana Sheriffs' Pension & Relief Fund and*
*City of Fort Lauderdale Police & Firefighters'*
*Retirement System*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DHIMANT PATEL, Individually and on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>EDWARDS LIFESCIENCES CORPORATION, BERNARD J. ZOVIGHIAN.<br><br>                    Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**<br><br><br>Judge: Hon. Anne Hwang<br>Courtroom: 9C |

Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System, by and through their undersigned counsel, hereby propound Plaintiffs' First Set of Requests for the Production of Documents Directed to Defendants Edwards Lifesciences Corp. ("Edwards") and Bernard Zovghian ("Zovighian") (together with Edwards, the "Defendants"), in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs request that Defendants produce the documents described below for inspection and copying to the offices of Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, California 92130 within the time period mandated by the Rules, or at such other time and place as the parties mutually agree. The documents requested are to be produced according to the Definitions and Instructions described below. Plaintiffs reserve the right to amend and/or supplement the Document Requests.

### **DEFINITIONS**

1. "All" means any and all.

2. "Communication" means any recording or rendering of any contact, oral or documentary, formal or informal, at any place or under any circumstance whatsoever, whereby information of any nature is transmitted or transferred, including a single person seeing or hearing any information by any means. The term "Communication" also includes drafts, revisions, or copies of any such Communication if the draft, revision, or copy is in any way different from the original.

3. The "Company" or "Edwards" means Edwards Lifesciences Corporation and includes all of its present and former divisions, subsidiaries, affiliates, predecessors, successors, agents, representatives, and its present and former officers, directors, and employees.

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 8:24-CV-02221-AH-KES

2

4.    "Complaint" means the Amended Consolidated Complaint For Violations Of The Federal Securities Laws filed on March 21, 2025 in the above-captioned action, *see* ECF No. 52.

5.    "Concerning" means commenting on, comprising, constituting, containing, describing, effecting, embodying, evidencing, identifying, including, incorporating, involving, mentioning, referring to, reflecting, regarding, relating to, responding to, stating, or in any way pertaining to, either directly or indirectly.

6.    "Defendants" means Edwards Lifesciences Corporation and Bernard J. Zovighian.

7.    "Document" or "Documents" shall have the same meaning and be equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). For the avoidance of any doubt, Documents includes Communications. A draft or non-identical copy is a separate Document within the meaning of this term.

8.    "Document Request" means each of the specific document requests set forth herein.

9.    "Electronically stored information" or "ESI" has the same meaning and is equal in scope to the usage of the term in the Sedona Conference Definitions (defined below), and includes, without limitation, the following:

(a)    All items covered by Federal Rule of Civil Procedure 34(a)(1)(A);

(b)    Information or data that is generated, received, processed, and recorded by computers or other electronic devices, including Metadata;

(c)    Internal or external websites;

(d)    Output resulting from the use of any software program, including but not limited to, any word-processing Documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, AOL or Bloomberg Instant Messenger (or similar program), bulletin-boards programs, operating systems,

source codes, PDF files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, deleted file, or file fragment; and

(e)     All items stored on Electronic Media (defined below).

10.    "Electronic Media" means any magnetic or other storage media device used to record ESI.

11.    "In connection with" means concerning, involving, relating to, or in any way pertaining to, either directly or indirectly.

12.    "Including" and "include" means including, but not limited to.

13.    "Paragraph" or "¶" corresponds to paragraphs in the Complaint.

14.    "Person" means any natural person or any entity or organization.

15.    "Plaintiffs" means Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System.

16.    "Sedona Conference Definitions" means The Sedona Conference Glossary: EDiscovery & Digital Information Management (Fifth Edition – February 2025 Version).

17.    "TAVR" means Transcatheter Aortic Valve Replacement artificial heart valves.

18.    "You" and "Your" means the specific Defendant responding to these Document Requests.

19.    "Zovighian" means Defendant Bernard J. Zovighian.

### **INSTRUCTIONS**

1.    All discovery requests shall be construed pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

2.    These Document Requests call for the production of all responsive Documents and Communications that are in Your possession, custody, or control, wherever located, regardless of whether they are possessed directly by You, Your Advisors, or other persons acting or purporting to act on Your behalf. Your

obligations pursuant to the Document Requests are not limited or affected by the availability of any Document or Communication through any other source. This includes all responsive Documents and materials stored in any hard copy library maintained by Edwards.

3.      If any portion of any Document or Communication is responsive to any Document Request, the entire Document or Communication, including any attachments or disclosures, must be produced.

4.      For any responsive Documents or Communications stored in electronic format, including email, You will produce those Documents or Communications in searchable electronic format (*e.g.*, single-page .tiff format with corresponding OCR or full-text files) through a file transfer protocol website, on CD-ROMs, DVD-ROMs, or portable or external hard drives, or through some other widely used electronic or optical storage media.  All Microsoft Excel and PowerPoint documents will be produced in native format, and Plaintiffs reserve the right, as needed, to seek production of additional Documents, Communications, or categories of Documents or Communications in native format.  All responsive electronic Documents and Communications will be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes, including the following metadata fields:  "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "to," "from," "cc," "bcc," "subject," "custodian," "date and time sent," "date and time received," "creation date and time," "last modified," and "MD5HASH."  Timestamp metadata should reflect the time in the time zone of the custodian from whom the Document or Communication was collected.

5.      To the extent that any portion of these Instructions conflicts with any ESI protocol entered or to be entered by the Court, the ESI protocol governs.

6.      All Documents and Communications should be produced for copying or inspection as they are kept in the ordinary course of business, or shall be organized

and labeled to correspond to the specific Document Request(s) to which they are responsive.  You shall produce Documents and Communications requested herein, including electronic Documents and Communications, in the original file folders, boxes, or other containers or binders in which such items are found, including the title, labels, or other description of each such folder, box, or other container, or attach a copy of the Documents or Communications to copies of the file folders from which they came.  The integrity and internal sequence of the requested Documents and Communications within each folder shall not be disturbed or commingled with the contents of another folder.  All Documents and Communications should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.  If a Document or Communication is responsive to more than one Document Request, You are not required to duplicate production.

7.     Plaintiffs reserve the right to view the original of any copy of a Document or Communication provided in response to these Document Requests.

8.     You shall produce all Documents and Communications that cannot be legibly copied in their original form.

9.     If any objection is made to any of these Document Requests, the response shall state with specificity the grounds for the objection, and whether Documents or Communications are being withheld from inspection and production on the basis of such objection or whether inspection or production of the responsive items will occur notwithstanding such objection.

10.     If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested Document or Communication, furnish a list identifying each item for which the privilege or other objection is claimed together with the following information:  a description of the type of Document or Communication (*e.g.*, email, letter, agreement, memorandum, etc.); date; sender; recipient; all persons to whom the Document or Communication (or copies thereof) was provided (including their

job titles and professional affiliation); subject matter; basis upon which a privilege or other objection is claimed; and the specific Document Request(s) to which such Document or Communication is responsive.

11. If You claim privilege or any other objection with regard to only part of a Document or Communication, produce the part to which there is no claim of privilege or objection and furnish a list identifying each item that is partially withheld based on a claim of privilege or other objection together with the information listed in Instruction No. 12.

12. If You cannot satisfy any Document Request, either in full or in part, You shall produce Documents and Communications to the extent possible, specifying the reason for Your inability to produce further Documents or Communications.

13. If there are no Documents or Communications responsive to any particular Document Request or subpart thereof, You shall state so in writing.

14. If any Document or Communication was but is no longer in Your possession, custody, or control, please state and specify in detail for each such Document or Communication:  a description of the type of Document or Communication (*e.g.*, email, letter, agreement, memorandum, etc.); date; sender; recipient; all persons to whom the Document or Communication (or copies thereof) was provided (including their job titles and professional affiliation); information contained therein; date upon which it ceased to exist or be in Your possession, custody, or control; disposition that was made of it; and the identity of all persons having knowledge of the contents thereof.

15. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document requests all responses that might otherwise be construed to be outside their scope.

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 8:24-CV-02221-AH-KES

7

17. The use of the singular form of any word includes the plural and vice versa.

18. Unless specifically defined herein, the Document Requests, including the terms, words, and language therein, shall be interpreted in a manner consistent with their commonly understood meaning in keeping with basic logic and common sense.

19. If no Documents or materials exist that are responsive to a particular request, state so in writing.

20. These Document Requests shall be deemed to be continuing so as to require supplemental responses from time-to-time up until the date of trial.

## RELEVANT TIME PERIOD

Unless otherwise stated in a specific Document Request, all Documents and Communications requested are for the period from January 1, 2023 through to February 28, 2025 (the "Relevant Time Period"), and shall include all Documents and Communications that relate, in whole or in part, to such period even though dated, prepared or received before or after that period. If a Document or Communication is not dated and the date of its preparation cannot be determined, it shall be produced if otherwise responsive to these requests.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1:**

All Documents and Communications concerning growth in Edwards' TAVR sales during the Relevant Period, including without limitation:

a. Any internal or public projections, guidance, or expectations concerning TAVR growth or sales;

b. the 2024 Sales Outlook for TAVR;

c. the projection of 8%-10% of Constant Currency Growth for TAVR, including how it was calculated, the underlying analysis or analyses, and any assessment, review, analysis, or study concerning that projection;

d. any headwind or headwinds that impacted or could have impacted TAVR growth or sales in any way;

e. any tailwind or tailwinds that impacted or could have impacted TAVR growth or sales in any way;

f. the market for TAVR, including any analysis, study, or examination of the TAVR market;

g. the statements concerning TAVR growth, sales, guidance, and/or TAVR capacity (or lack thereof) made in the February 6, 2024 Form 8-K, the February 6, 2024 Earnings Call, the April 25, 2024 Form 8-K, the April 25, 2024 Earnings Call, and the June 5, 2024 Analyst Call. *See, e.g.*, the Court's Order Granting in Part and Denying in part Defendants' Motion to Dismiss, dated September 19, 2025, ECF No. 72 at 9-11;

h. All meeting minutes, agendas, presentations or notes from any Town Hall or other internal Edwards meeting concerning TAVR growth, sales, guidance, and/or TAVR capacity (or lack thereof);

i. All meeting minutes, agendas, presentations, or notes from meetings of the Board of Directors or any subcommittees of the Board at which TAVR was discussed, including but not limited to, its performance and/or growth; and/or

j. the decision to reduce full-year 2024 TAVR sales guidance to 5% to 7% growth instead of the 8% to 10% growth previously given to investors.

## DOCUMENT REQUEST NO. 2:

For the time period from March 1, 2020 through to February 28, 2025 and unless already produced in response to Document Request No. 1, all Documents and Communications concerning any actual or potential constraint(s), limitation(s), pressure(s), or restriction(s) on TAVR sales or growth during the Relevant Period, including without limitation:

a. capacity to perform TAVR procedures, including hospital capacity and any analysis, study, or examination thereof;

b. the number of facilities

c. hospital workflows;

d. competition by other heart valve products or procedures, including without limitation PASCAL and EVOQUE;

e. the resources, staffing, and/or expense required to perform TAVR procedures;

f. a cap or limit on TAVR hospital centers; and/or

g. All meeting minutes, agendas, presentations or notes from any Town Hall or other internal Edwards meeting concerning any actual or potential constraints, limitations, or restrictions on TAVR sales or growth.

**DOCUMENT REQUEST NO. 3:**

For each of the fiscal years of 2021, 2022, 2023, and 2024, Documents and Communications concerning the revenues, profits, and/or net sales generated by Edwards' TAVR sales, as well as the percentage of, or contribution to, Edwards' total revenues from TAVR sales.

**DOCUMENT REQUEST NO. 4:**

All Documents and Communications concerning metrics or data concerning TAVR sales and/or procedure volumes during the Relevant Period, including Edwards' internal data, Salesforce data, and/or any tracking, analysis, or investigation concerning any TAVR-related metrics.

**DOCUMENT REQUEST NO. 5:**

Documents and Communications sufficient to show the timing and reasons that Edwards entered into negotiations to acquire Innovalve, JenaValve, and Endotronix, or any other companies during the Relevant Period.

**DOCUMENT REQUEST NO. 6:**

All Documents and Communications concerning compensation, bonus, or incentive plans for Edwards executives, sales personnel, or other employees, including without limitation Zovighian.

**DOCUMENT REQUEST NO. 7:**

All Documents and Communications concerning Edwards' stock price or any movement in Edwards' stock price during the period from February 6, 2024 through July 29, 2024.

**DOCUMENT REQUEST NO. 8:**

All Documents and Communications concerning any trade, sale, purchase, or acquisition by Defendant Zovighian of Edwards stock during the Relevant Period, including without limitation any 10b5-1 plan and/or the sale by Zovighian of 8,617 shares of Edwards common stock on or about May 30, 2024.

**DOCUMENT REQUEST NO. 9:**

All documents and communications concerning any action(s), remediation(s), corrective measure(s), employment decision(s) (including any termination), or other response(s) taken concerning the TAVR growth guidance adjustment announced on July 24, 2024, as alleged in ¶¶91-99 of the Complaint.

**DOCUMENT REQUEST NO. 10:**

All insurance policies or agreements, including directors and officers' liability insurance policies or agreements, which are applicable to this Action.

**DOCUMENT REQUEST NO. 11:**

All Documents and Communications that Defendants rely on or intend to rely on in this litigation in support of any defense, including any affirmative defenses.

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 8:24-CV-02221-AH-KES                                                      11

**DOCUMENT REQUEST NO. 12:**

Documents and Communications sufficient to show Edwards' document retention or deletion policies, practices, or procedures in place during the Relevant Time Period.

**DOCUMENT REQUEST NO. 13:**

All Documents and Communications concerning any documents produced to Defendants by any non-party in connection with this Action, including in response to any subpoena served by Defendants.

**DOCUMENT REQUEST NO. 14:**

All Documents and Communications concerning any analysis or report concerning this Action prepared by or on behalf of Defendants, including by any purported expert and including any related analysis, investigation, examination, or study.

**DOCUMENT REQUEST NO. 15:**

Unless otherwise produced in response to another Document Request, All Documents and Communications concerning the allegations of the Complaint.

DATED:  September 29, 2025

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*Jeremy P. Robinson /s/*
Jonathan D. Uslaner (Bar No. 256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470
jonathanu@blbglaw.com

-and-

Salvatore J. Graziano (*pro hac vice*)
Jeremy P. Robinson (*pro hac vice*)
Thomas Z. Sperber (*pro hac vice*)
Rebecca S. Temkin (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444
Jeremy@blbglaw.com
Thomas.sperber@blbglaw.com
Rebecca.temkin@blbglaw.com

*Counsel for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**

Robert D. Klausner
Stuart Kaufman
7080 Northwest Fourth Street
Plantation, Florida, 33315
Tel:  (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional counsel for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System*

PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

CASE NO. 8:24-CV-02221-AH-KES

13