# EXHIBIT 2

LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
Jordan D. Cook (SBN 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com
Email: jordan.cook@lw.com

*Attorneys for Defendants*
*Edwards Lifesciences Corporation and*
*Bernard J. Zovighian*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION and BERNARD J. ZOVIGHIAN,<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Edwards Lifesciences Corp. and Bernard J. Zovighian (collectively "Defendants"), by and through their counsel, hereby object and respond to Plaintiffs Louisiana Sheriffs' Pension & Relief Fund's and City of Fort Lauderdale Police & Firefighters' Retirement System's ("Plaintiffs") First Set of Requests for the Production of Documents Directed to Defendants, (the "Requests" and, each, a "Request"), as follows:

**PRELIMINARY STATEMENT**

Defendants' responses to the Requests are prepared based on information known to Defendants as of the date of these responses. Discovery and investigation in the above-captioned action (the "Action") has just begun, and Defendants therefore reserve the right to supplement, clarify, revise, or correct these responses should they become aware of any omission, error, or additional information that they may subsequently discover and determine to be relevant. Defendants will make reasonable efforts to respond to every Request to the extent that it has not been objected to and to the extent Defendants understand the Request. If Plaintiffs subsequently assert an interpretation of a Request that differs from that given by Defendants, then Defendants reserve the right to supplement their objections and responses, as necessary. In providing these responses to the Requests, Defendants reserve their rights to (i) assert any and all objections to the competency, authenticity, relevancy, materiality, or admissibility into evidence of any of the responses and objections herein or documents or information produced in response to the Requests; and (ii) object to the use of these responses in any proceeding other than the above-captioned action.

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated into each and every response set forth below.

1.     Defendants object to Plaintiff's Definitions, Instructions, and Requests to the extent they seek to impose duties, obligations, or burdens on Defendants different from or in addition to what is required by the Federal Rules of Civil Procedure, the applicable Local Rules of the Central District of California, any governing case law, or any other applicable law (the "Applicable Rules").

2.     Defendants object to each of the Requests to the extent they seek information protected by the attorney-client privilege, work product doctrine, accountant-client privilege, or any other recognized privilege or confidentiality. If one or more documents are produced that are privileged or otherwise protected from disclosure, such production is inadvertent and is not intended as a waiver of such privilege or protection. Any inadvertent production shall be treated pursuant to the terms of the Stipulated Protective Order (the "Protective Order") and Stipulated Order re: Discovery of Electronically Stored Information (the "ESI Protocol") to be agreed-upon by the Parties and the Federal Rules of Civil Procedure 26(b)(5)(B).

3.     Defendants will produce confidential and proprietary information, if any, subject to the protections of an adequate Protective Order. Defendants object to the Requests to the extent they seek information protected as trade secrets or confidential, proprietary, business, or commercial information that is exempt from disclosure under Federal Rule 26(c) or any other applicable evidentiary, statutory or common law privilege.

4.     Defendants intend to and reserve their rights to manage the burden and costs associated with searching for responsive documents by using appropriate scope limitations and search methods (such as search terms, custodian limitations, date range filters, and any other advanced search methodology and/or technology-assisted review) to limit the search, review, processing, and production of documents responsive to the Requests ("Search Protocol"). Defendants anticipate that the Search Protocol may involve searches of electronic files of a set of agreed-upon document custodians using an agreed-upon date range and search terms and/or a

good-faith, reasonably targeted search for readily identifiable documents from a reasonably accessible central repository, depending on the Request. Defendants will meet and confer regarding the parameters and scope of the Search Protocol.

5.      Defendants object to each of the Requests to the extent they call for the disclosure of third-party confidential information and/or the invasion of the right to privacy of third parties. Defendants further object to each of the Requests to the extent they seek information protected by any U.S., state, or foreign privacy law or regulation, such as information that is private or confidential under the Constitution of the State of California, including but not limited to article 1, section 1, production of which would violate the privacy rights of Defendants and/or any other person and/or entity. Defendants will not produce information that is private or confidential under the California Constitution.

6.      Defendants object to each of the Requests to the extent they call for legal conclusions, present questions of pure law, or call for Defendants or its counsel to disclose its opinions and/or work product. None of the responses herein are intended to provide any legal conclusions or disclose privileged or protected information.

7.      Defendants object to each of the Requests to the extent they exceed the limited scope of phased discovery the Court noted in its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, including because they require the production of documents unrelated to the "issue of Zovighian's knowledge and scienter" (Dkt. 72 ("Order") at 21, n.10).

8.      By responding to the Requests, Defendants do not concede the relevance or admissibility of the information requested nor do Defendants adopt the legal characterizations of the terms and words used in the Requests. Similarly, by responding to the Requests, Defendants do not admit the existence of any responsive information or facts set forth or assumed by such Requests. The specific objections to each Request are in addition to the limitations and objections set forth in this

section.  The absence of a reference to the foregoing objections in response to any Request should not be construed as a waiver of the General Objection to a specific Request.

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS**

1.    Defendants object to the Definitions and Instructions insofar as they purport to alter the plain meaning or scope of any Request on the ground that such alteration renders the Request vague, ambiguous, unduly broad, and uncertain.

2.    Defendants object to the definitions of the terms "Company," "Edwards," and "Defendants" on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that they purport to impose burdens or obligations beyond the production of documents within a Defendant's possession, custody, or control.  In particular, inclusion of "all of its present and former divisions, subsidiaries, affiliates, predecessors, successors, agents, representatives, and its present and former officers, directors, and employees" cause the Requests to implicate burdens and expenses that outweigh any benefit, are disproportionate to the needs of this case, and seek materials that are not relevant to any party's claim or defense in this case.  Defendants will meet and confer with Plaintiffs concerning appropriate custodians and sources for which negotiated search parameters will be applied.

3.    Defendants object to the definitions of the terms "Communication," "Concerning," "Document," "Electronically Stored Information," "ESI," "Electronic Media," "In connection with," and "Including" on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent that they purport to impose burdens and obligations to conduct anything beyond a reasonable search for responsive documents, or to otherwise impose conditions, obligations, or burdens beyond those required by the Applicable Rules. Defendants will produce documents in accordance with the terms of a forthcoming Protective Order and negotiated ESI Protocol.

4.      Defendants object to the definition of the term "TAVR" to the extent it differs to how the Company commonly uses that term. Defendants will interpret "TAVR" to mean the Transcatheter Aortic Valve Replacement product group as the term TAVR is used in the Company's filings with the Securities and Exchange Commission.

5.      Defendants object to Instruction Nos. 2, 4, 6, 12, and 14 on the grounds that they are overbroad, unduly burdensome, and not proportional to such needs of the case, to the extent that they purport to impose burdens or obligations beyond the production of documents within a Defendant's possession, custody, or control, and to the extent they purport to impose burdens and obligations to conduct anything beyond a reasonable search for responsive documents, or to otherwise impose conditions, obligations, or burdens beyond those required by the Applicable Rules and the ESI Protocol. Defendants will meet and confer with Plaintiffs concerning appropriate custodians and sources for which negotiated search parameters will be applied, and Defendants will produce documents in accordance with the terms of a forthcoming Protective Order and negotiated ESI Protocol.

6.      Defendants object to Instruction Nos. 10 and 11 to the extent they purport to require Defendants to impose additional burdens or obligations beyond those required by the Applicable Rules. Defendants will serve a privilege log consistent with the Applicable Rules and the terms of a forthcoming Protective Order and negotiated ESI Protocol.

7.      The additional specific objections to each Request for Production set forth below are in addition to the limitations and objections set forth in this section. The absence of a reference to the foregoing limitations and objections in response to any Request for Production should not be construed as a waiver of such limitations and objections.

## OBJECTION TO RELEVANT TIME PERIOD

Defendants object to Plaintiffs' definition of the "Relevant Time Period" on the ground that it is overbroad, unduly burdensome, and seeks information disproportionate to the needs of the case, and is not appropriately tailored to the claims asserted in the Action because it spans approximately 13 months before the putative Class Period begins and approximately 7 months after it ends.  Except as otherwise noted by Defendants in response to a particular Request, Defendants will interpret the relevant time period to be December 1, 2023 to August 31, 2024 (hereinafter referred to as the "Modified Time Period").

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiving or limiting in any manner any of the foregoing General Objections and Objections to Plaintiffs' Definitions and Instructions, Defendants respond to the specific Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning growth in Edwards' TAVR sales during the Relevant Period, including without limitation:

a.   Any internal or public projections, guidance, or expectations concerning TAVR growth or sales;

b.   the 2024 Sales Outlook for TAVR;

c.   the projection of 8%-10% of Constant Currency Growth for TAVR, including how it was calculated, the underlying analysis or analyses, and any assessment, review, analysis, or study concerning that projection;

d.   any headwind or headwinds that impacted or could have impacted TAVR growth or sales in any way;

e.   any tailwind or tailwinds that impacted or could have impacted TAVR growth or sales in any way;

f.     the market for TAVR, including any analysis, study, or examination of the TAVR market;

g.     the statements concerning TAVR growth, sales, guidance, and/or TAVR capacity (or lack thereof) made in the February 6, 2024 Form 8-K, the February 6, 2024 Earnings Call, the April 25, 2024 Form 8-K, the April 25, 2024 Earnings Call, and the June 5, 2024 Analyst Call. See, e.g., the Court's Order Granting in Part and Denying in part Defendants' Motion to Dismiss, dated September 19, 2025, ECF No. 72 at 9-11;

h.     All meeting minutes, agendas, presentations or notes from any Town Hall or other internal Edwards meeting concerning TAVR growth, sales, guidance, and/or TAVR capacity (or lack thereof);

i.     All meeting minutes, agendas, presentations, or notes from meetings of the Board of Directors or any subcommittees of the Board at which TAVR was discussed, including but not limited to, its performance and/or growth; and/or

j.     the decision to reduce full-year 2024 TAVR sales guidance to 5% to 7% growth instead of the 8% to 10% growth previously given to investors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein. Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, and disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. Defendants further object to the Request as overbroad because it seeks documents concerning statements made by defendants who have

been dismissed from the Action.  Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the undefined terms "expectations," "the 2024 Sales Outlook," "any headwind . . . that could have impacted," "any tailwind . . . that could have impacted," and "market for TAVR" are undefined, ambiguous, and unclear.  Defendants further object to the Request to the extent it seeks confidential and proprietary information belonging to third parties or information otherwise outside of Defendants' custody and control.  Defendants further object to the Request to the extent it seeks the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Defendants further object to the Request on the grounds that it calls for the production of documents within the public domain and equally available to Plaintiffs.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will search for and produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period.

**REQUEST FOR PRODUCTION NO. 2:**

For the time period from March 1, 2020 through to February 28, 2025 and unless already produced in response to Document Request No. 1, all Documents and Communications concerning any actual or potential constraint(s), limitation(s), pressure(s), or restriction(s) on TAVR sales or growth during the Relevant Period, including without limitation:

      a.    capacity to perform TAVR procedures, including hospital capacity and any analysis, study, or examination thereof;

      b.    the number of facilities

      c.    hospital workflows;

     d.    competition by other heart valve products or procedures, including without limitation PASCAL and EVOQUE;

     e.    the resources, staffing, and/or expense required to perform TAVR procedures;

     f.    a cap or limit on TAVR hospital centers; and/or

     g.    All meeting minutes, agendas, presentations or notes from any Town Hall or other internal Edwards meeting concerning any actual or potential constraints, limitations, or restrictions on TAVR sales or growth.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein. Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the terms, "capacity to perform TAVR procedures," "hospital workflows," and "a cap or limit on TAVR hospital centers," are undefined and unclear, and because "the number of facilities" is unintelligible. Defendants further object to the Request to the extent it seeks confidential and proprietary information belonging to third parties or information otherwise outside of Defendants' custody and control. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a

mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will search for and produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period.

**REQUEST FOR PRODUCTION NO. 4:**

For each of the fiscal years of 2021, 2022, 2023, and 2024, Documents and Communications concerning the revenues, profits, and/or net sales generated by Edwards' TAVR sales, as well as the percentage of, or contribution to, Edwards' total revenues from TAVR sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery.  Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the term, "concerning . . . the percentage of, or contribution to, Edwards' total revenues from TAVR sales," is unclear and unreasonably unconstrained in scope. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Defendants further object to the Request on the grounds that it calls for the production documents within the public domain and equally available to Plaintiffs.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of

discovery, Defendants will search for and produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning metrics or data concerning TAVR sales and/or procedure volumes during the Relevant Period, including Edwards' internal data, Salesforce data, and/or any tracking, analysis, or investigation concerning any TAVR-related metrics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery.  Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the terms "metrics or data" and "Salesforce data, and/or any tracking, analysis, or investigation" are undefined and unclear, and the Request does not identify what "metrics or data" are sought. Defendants further object to the Request to the extent it seeks confidential and proprietary information of third parties or information otherwise outside of Defendants' custody and control.  Defendants further object to the Request on the ground that it is duplicative of Request Nos. 1 and 2.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: Defendants will meet and confer regarding a reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and Communications sufficient to show the timing and reasons that Edwards entered into negotiations to acquire Innovalve, JenaValve, and Endotronix, or any other companies during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein. Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. Defendants further object to the Request as overbroad because it seeks documents concerning theories of liability the Court rejected in its Order, including the "Innovalve," "JenaValve," and "Endotronix" "acqui[sitions]" (*see* Order at 20-23), and information about unnamed "other companies" that have no bearing on the claims and defenses at issue here. Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the term, "other companies," is unclear and undefined. Defendants further object to the Request to the extent it seeks confidential and proprietary information of third parties or information otherwise outside of Defendants' custody and control. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: Defendants will meet and confer regarding a reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning compensation, bonus, or incentive plans for Edwards executives, sales personnel, or other employees, including without limitation Zovighian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein. Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. Defendants further object to the Request as overbroad because it seeks documents concerning theories of liability the Court rejected in its Order, including "compensation packages" (*see* Order at 20-21), and information about "compensation" for unidentified "other employees" without regard to their relevance to the Action. Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the terms, "Edwards executives," "sales personnel," and "other employees," are undefined and unclear as to who they purport to encompass.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: Defendants will meet and confer regarding a reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning Edwards' stock price or any movement in Edwards' stock price during the period from February 6, 2024 through July 29, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery.  Defendants further object to the Request as overbroad because it seeks "All" documents "concerning Edwards' stock price or any movement in Edwards' stock price," regardless of whether the documents have any bearing on the issues, claims, or defenses in this Action and without regard to whether less than "All" of such documents would be sufficient.  Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Defendants further object to the Request on the grounds that it calls for the production of documents within the public domain and equally available to Plaintiffs.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: Defendants will meet and confer regarding a reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning any trade, sale, purchase, or acquisition by Defendant Zovighian of Edwards stock during the Relevant Period, including without limitation any 10b5-1 plan and/or the sale by Zovighian of 8,617 shares of Edwards common stock on or about May 30, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period

as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery.  Defendants further object to the Request as overbroad because it seeks documents concerning theories of liability the Court rejected in its Order, including "Zovighian's stock sale" (*see* Order at 20-21).  Defendants further object to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.  Defendants further object to the Request on the grounds that it calls for the production of documents within the public domain and equally available to Plaintiffs.

Subject to and without waiver of the above General and Specific objections, Defendants responds as follows: Defendants will meet and confer regarding a reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning any action(s), remediation(s), corrective measure(s), employment decision(s) (including any termination), or other response(s) taken concerning the TAVR growth guidance adjustment announced on July 24, 2024, as alleged in ¶¶91-99 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery.  Defendants further object to the Request because it

seeks documents that are not relevant to any party's claims or defenses, including "remediation" and "corrective measure(s)." Defendants further object to the Request on the grounds that it is vague and ambiguous, including because the terms, "action," "remediation," "corrective measure," and "other response," are unclear, undefined, and unreasonably broad in scope. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. Defendants further object to the Request on the grounds that it calls for the production of documents within the public domain and equally available to Plaintiffs.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will search for and produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period.

**REQUEST FOR PRODUCTION NO. 10:**

All insurance policies or agreements, including directors and officers' liability insurance policies or agreements, which are applicable to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will search for and produce non-privileged, responsive

documents within their possession, custody, or control from the Modified Time Period.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications that Defendants rely on or intend to rely on in this litigation in support of any defense, including any affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery.  Defendants further object to the Request as premature.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will search for and produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period.

**REQUEST FOR PRODUCTION NO. 12:**

Documents and Communications sufficient to show Edwards' document retention or deletion policies, practices, or procedures in place during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.  Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case,

including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. Defendants further object to the Request to the extent it seeks "Edwards' document retention or deletion policies, practices, or procedures" without reasonable limitation, including with respect to the location, division, program, product, or group for which "policies, practices, or procedures" are sought. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: Defendants will meet and confer regarding a reasonable scope for this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications concerning any documents produced to Defendants by any non-party in connection with this Action, including in response to any subpoena served by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' agreement regarding the phasing of discovery, Defendants will produce documents in accordance with their obligations under the Applicable Rules.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning any analysis or report concerning this Action prepared by or on behalf of Defendants, including by any

purported expert and including any related analysis, investigation, examination, or study.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein. Defendants object to the Request on the grounds that it is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. Defendants further object to the Request on the grounds that it is premature. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period, and in accordance with their obligations under the Applicable Rules, and on the timeline contemplated by the Applicable Rules and any scheduling orders entered in the Action.

**REQUEST FOR PRODUCTION NO. 15:**

Unless otherwise produced in response to another Document Request, All Documents and Communications concerning the allegations of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate the Preliminary Statement, General Objections, Objections to Definitions and Instructions, and Objection to Relevant Time Period as if set forth fully herein. Defendants object to the Request on the grounds that it

is unduly burdensome, overly broad, disproportionate to the needs of the case, including because it fails to take into account the Court's Order, which proposed "phased discovery limited to the issue of Zovighian's knowledge and scienter" before any other discovery. The Request is further overbroad because it seeks documents that are not relevant to any party's remaining claims or defenses, including documents concerning theories of liability the Court rejected. Defendants further object to the Request as vague and ambiguous, including because it seeks "All" documents "concerning the allegations." Defendants further object to the Request on the grounds that it is premature. Defendants further object to the Request to the extent it seeks the production of documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Subject to and without waiver of the above General and Specific objections, Defendants respond as follows: subject to the parties' execution of a mutually agreeable search protocol and agreement regarding the phasing of discovery, Defendants will search for and produce non-privileged, responsive documents within their possession, custody, or control from the Modified Time Period.

Dated:  October 29, 2025

**LATHAM & WATKINS LLP**

By: / Kristin N. Murphy

Kristin N. Murphy
*Kristin.Murphy@lw.com*
Michele D. Johnson
*Michele.Johnson@lw.com*
Jordan D. Cook
*Jordan.Cook@lw.com*
650 Town Center Dr., 20th Fl.
Costa Mesa, CA 92626-1925
(714) 540-1235

*Attorneys for Defendants Edwards Lifesciences Corporation and Bernard J. Zovighian*

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 12670 High Bluff Drive, San Diego, California 92130.

On **October 29, 2025,** I caused the following document(s) to be served:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

via electronic mail delivery to the person(s), address(es), and email address(es) set forth below:

**BERNSTEIN LITOWITZ**
**BERGER & GROSSMAN**
Jonathan D. Uslaner
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

Salvatore J. Graziano (pro hac vice forthcoming)
salvatore@blbglaw.com
Jeremy P. Robinson (pro hac vice)
jeremy@blbglaw.com
Thomas Z. Sperber (pro hac vice)
thomas.sperber@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400

*Counsel for Lead Plaintiffs Louisiana Sheriffs' Pension & Relief Fund and City of Fort Lauderdale Police & Firefighters' Retirement System*

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury that the foregoing is true and correct.


Executed on **October 29, 2025,** at San Diego, California.


Jaime M. Garcia