LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
Jordan D. Cook (SBN 293394)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Email: michele.johnson@lw.com
Email: kristin.murphy@lw.com
Email: jordan.cook@lw.com

*Attorneys for Defendants*
*Edwards Lifesciences Corporation and*
*Bernard J. Zovighian*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DHIMANT PATEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS LIFESCIENCES CORPORATION and BERNARD J. ZOVIGHIAN,<br><br>Defendants. | Case No. 8:24-cv-02221-AH-KES<br><br>Assigned to: Hon. Anne Hwang<br><br>**DEFENDANTS' LETTER BRIEF RE: INFORMAL TELEPHONIC CONFERENCE**<br><br>Hon. Karen E. Scott<br><br>Date:  March 31, 2026<br>Time:  9:30 a.m. |

CASE NO. 8:24-cv-02221-AH-KES

COVER PAGE TO LETTER BRIEF

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

**LATHAM&WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 31, 2026

<u>**VIA ECF**</u>

Hon. Karen E. Scott, Magistrate Judge
United States District Court, Central District of California
Courtroom 6D (Ronald Reagan Federal Building)
411 W. Fourth Street, Santa Ana, CA 92701

Re:    *Patel v. Edwards Lifesciences Corp., et al,* 8:24-cv-02221-AH-KES (C.D. Cal.)

To the Hon. Karen E. Scott, Magistrate Judge:

Defendants Edwards Lifesciences Corporation and Bernard Zovighian ("Defendants") submit this letter brief in opposition to Plaintiffs' efforts to unreasonably expand the responsive time period governing Defendants' document productions for the first phase of discovery. For the reasons discussed below, Defendants respectfully request that the Court deny Plaintiffs' request.

## I.    THE COURT INVITED PHASED DISCOVERY FOCUSED ON THE ISSUE OF ZOVIGHIAN'S SCIENTER

This is a narrow case made narrower by the Court's September 2025 ruling on the motion to dismiss, which dismissed a number of defendants, claims, and challenged statements. Dkt. 72.[1] At issue are ten statements Edwards and Zovighian made on just two dates, February 6 and April 25, 2024, expressing confidence in Edwards' FY 2024 sales guidance for its Transcatheter Aortic Valve Replacement ("TAVR") business. That guidance—announced months earlier on December 7, 2023 and projecting year-over-year sales growth of 8-10%—is not at issue. Rather, the Class Period in this case—which Plaintiffs selected and pled in their

---

[1] Edwards' pre-Class Period statements announcing FY 2024 guidance were dismissed.

1

LATHAM&WATKINS LLP

Complaint—starts on February 6, 2024 and ends on July 24, 2024, when Edwards informed investors it was lowering full-year guidance.

Even as to what remains, the Court said the issue of Zovighian's scienter was a "very close one" and invited "phased discovery limited to the issue of Zovighian's knowledge," followed by "early motion practice." *Id.* at 21, n.10. The parties agreed that Defendants would complete "Phase One" productions relating to this sole issue by March 9, 2026. *See* Dkt. 81 at 1. Plaintiffs first served document requests on September 29, 2025. Defendants timely responded and agreed to produce responsive documents from the period, December 1, 2023 through August 31, 2024, which extends several months before and after the challenged statements.

At the outset, Plaintiffs demanded Defendants review and produce data from more than *sixteen custodians*, many of whom *never* interacted with Zovighian and could not possibly possess data relating to his scienter. As a matter of good faith, Defendants agreed to include ten custodians, including Zovighian and Edwards' CFO, SVP of TAVR Sales, VP of Corporate Financial Planning, and SVP of Global Finance. Then, just weeks before Defendants' production deadline—and after Defendants already agreed to review 44,000 documents—Plaintiffs demanded *more than ten additional custodians*. Defendants again agreed to add two more, and as a further effort to compromise and resolve the parties' disputes, recently agreed to add *another* custodian, for a total of thirteen. Defendants met their production deadlines and have produced approximately 22,000 documents thus far.

Despite numerous meet and confers over the prior months, it wasn't until February 9, 2026, just four weeks before the Phase One production deadline, that Plaintiffs first demanded Defendants start their productions from January 1, 2023, *i.e.*, **eleven months earlier** and **more than a year** before any of the challenged statements were made. This request is neither relevant nor proportional to Phase One discovery. Fed. R. Civ. P. 26(b)(1).[2]

## II. THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPTS TO UNREASONABLY EXPAND THE SCOPE OF DISCOVERY

To prevail on their claims, Plaintiffs must prove Zovighian made false statements intentionally or with deliberate recklessness. *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001) (requiring particularized facts showing defendants knew

---

[2] In an effort to compromise, Defendants offered to produce responsive documents starting in October 2023, *i.e.*, the start of 4Q23. Plaintiffs rejected this proposal.

LATHAM&WATKINS LLP

statements were false when made).  And Plaintiffs must prove Zovighian had knowledge of falsity *at the time* he made his statements, *i.e.*, that in April 2024, he knew TAVR sales would not grow 8-10% by the end of the year.  *Id.*[3]

Discovery to date has shown Plaintiffs will be unable to prove their claims. The documents Zovighian received around the time he expressed confidence in Edwards' guidance show he believed those targets were attainable.  Recognizing these obstacles, Plaintiffs seek to plug the holes in their case by demanding discovery from January 2023, *i.e.*, ***more than a year*** before Zovighian's statements.  Plaintiffs claim such discovery is necessary because they allege, through purported reports from former employees ("FEs"), that TAVR sales declined in early 2023 as hospitals became capacity-constrained.  Plaintiffs' theory, however, is squarely at odds with the fact that TAVR sales *grew* 10.3% in 2023 and continued growing in 2024.

Regardless, the inquiry focuses on Zovighian's state of mind at the time he made his statements.  Information regarding sales or hospital capacity from up to 15 months before Zovighian's statements could not possibly speak to his contemporaneous knowledge.  *Zissa v. Cnty. of Los Angeles*, 2019 WL 13074698, at *5 (C.D. Cal. Nov. 7, 2019) (finding request for documents related to a July 2015 Report disproportionate to the needs of the case where class period started five months later).  Even if it could, Defendants produced Zovighian's custodial data from December 1, 2023 through August 31, 2024, as well as the custodial data from those involved in developing sales projections.  If Zovighian considered or discussed 2023 sales trends when expressing confidence in ***April 2024*** that TAVR sales would grow 8-10%—then Plaintiffs ***already have that data***.[4]

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' request to extend the discovery period.  We look forward to addressing these issues with Your Honor on April 1, 2026.

---

[3] All of Zovighian's statements were made on April 25, 2024.

[4] If Plaintiffs claim they need documents from January 2023 because Defendants subpoenaed the FEs, Defendants are entitled to probe the veracity of the FE allegations and reliability of the witnesses without having to agree to an unreasonably extended discovery period.

March 31, 2026
Page 4

LATHAM&WATKINS LLP

                                                Respectfully submitted,

                                                /s/ *Kristin N. Murphy*
                                                Kristin N. Murphy

Case 8:24-cv-02221-AH-KES   Document 92   Filed 03/31/26   Page 5 of 5   Page ID
#:1142

LATHAM&WATKINS LLP

4